## M. L. DURHAM, ADM'R, v. SOUTHERN L. I. Co.

1. JURISDICTION——REMOVAL OF CAUSE TO A UNITED STATES COURT.—The filing of an application, in due form, for the removal of a cause from a State court to a Circuit Court of the United States, which contains a good cause for removal, under the laws of the United States, when the same is filed by one authorized by law to make the application, and the filing of the bond required in such case, have the effect to suspend instantly the jurisdiction of the State court.

2. APPEAL — PRACTICE—FINAL JUDGMENT.—No appeal lies to the
Supreme Court of the State from an order removing a cause to a
Federal court, there being no final judgment, in contemplation of
law, rendered. The right of the party to have the cause transferred,
on his application, under the laws of the State and of the United
States, could only be inquired into by the Supreme Court of the
State, on a refusal of the application, and after final judgment.
3. JURISDICTION.—When a cause has been improperly transferred from
a State court to a court of the United States, the United States court
alone has jurisdiction to correct the error.

APPEAL from Gregg. Tried below before the Hon. Z.
Norton.

*McKay & Mabry* and *Mc Cord,* for appellant.—Neither article
639, Revised Statutes of the United States, nor the subdivis-
ion 3 of same, refers or applies to corporations. Corporations
are not embraced in the term, " citizen," used in said section.

Corporations were held to be citizens, for the purpose of
jurisdiction, under the original Federal judiciary, and the
amendments thereto, until the act of July 27, 1868, when
there was a new rule upon that subject made for all corpor-
ations. (Brightly's Dig., 2 vol., title REMOVAL.) The term
" citizen " was never defined by the Constitution or laws of
Congress until April 9, 1866. (2 Brightly's Dig., 118.)
See same definition, retained and continued in Revised Stat-
utes, art. 1992.

The naturalization laws of 1802, and others upon that sub-
ject, prescribe the mode in which foreigners might become
citizens, but never defining who was, or what it took to con-
stitute a citizen. The act of 1855 made children born abroad
citizens, the parents being citizens.

The term " citizen," under the congressional definition now,
can apply only to natural persons.

Hence, since the act of 1866, whenever, in the laws of
Congress, the term citizen is used, it can be construed to
apply to none else than natural persons. Hence, also, the
necessity of the legislation of Congress in 1868, above referred

to; and the same still maintained in the Revised Statutes, art. 640.

The appellee is a domestic corporation of the State of Texas, so far as the exercise of its franchise in this State is concerned, by virtue of its compliance with the act of our Legislature, approved May 2, 1874. See General Laws, 2d session, 14th Legislature, 197. See also certified transcript from comptroller's office, made an exhibit to appellant's motion to remove.

We further submit, that the petition to remove must show that the relation of the parties at the date of the institution of the suit was such, as would have given the Federal court jurisdiction; that one of the parties was a non-resident at the date of filing the motion.

*Robertson & Herndon,* for appellee.

1. That a corporation is a citizen of the State whose laws create it, for all purposes of jurisdiction in Federal courts, and for removal of case, we have but to refer the court to the case of Railway Company v. Whitton, 13 Wall., 270.

2. There is no final judgment from which to appeal. The order of removal is, by its terms, not final. If jurisdiction does not attach in the Circuit Court of the United States, it is then, in fact, as well as form, not final.

3. The defect in the petition for removal does not exist. It is judicially known that a corporation created by an act of a State Legislature is unchangeably a citizen of that State. Its domicile cannot be changed.

4. The fact that the appellee has qualified itself to contract and do work in Texas, does not forfeit its right to remove. This has been uniformly held. (See Bliss on L. Ins., p. 755, sec. 420, and notes.)

5. The new rule for corporations referred to in appellant's brief will be found to apply only to corporations created by an act of Congress.

Roberts, Chief Justice.—Appellant brought a suit against appellee, upon a policy of insurance, on the 25th of March, 1875, in which it was alleged that said company was chartered by an act of the Legislature of the State of Tennessee, and had its domicile and principal office in Memphis, in said State; that said company had a license to transact its business in this State, and that its agents in this State were Hammill, May & Co., whose local office and agency was established in Dallas, in this State. After service upon said agents, or a part of them, the defendant, by its attorneys, filed an answer of general denial, on the 13th of May, 1875. On the same day, the defendant filed a petition, sworn to by G. S. May, one of said firm of agents, to remove said cause into the " Circuit Court of the United States for the western district of Texas, held at Tyler, in which district said cause is now pending," in which it was stated, as grounds for said removal, " that the defendant is a corporation, chartered by the laws of the State of Tennessee, and is a citizen of said State;" that " said suit was brought by M. L. Durham, a citizen of the State of Texas, in the District Court of the State of Texas for the county of Gregg;" that the amount in dispute in said suit, exclusive of costs, exceeds the amount of five hundred dollars; that defendant " has reason to believe, and does believe, that, from prejudice and local influence, this defendant will not be able to obtain justice in the said State District Court of the county of Gregg." The defendant, also by said agent, with sureties, filed a bond to pay costs, if the removal should be held to be wrongful, and to enter said cause, with copies of the proceedings therein, in the said Circuit Court of the United States, on the first day of its session, at Tyler.

The plaintiff filed an answer to the motion for removal, upon the grounds that the petition was not sufficient; that there is no law authorizing the defendant to make such an application; that such an application can only be made by a natural person, and not by an artificial person, as a corporation is; that said defendant has become a corporation in this

State, for the purposes of this suit, by voluntarily obtaining the certificate of qualification to do business in this State, from the comptroller, under the law of this State, and therefore is not a person competent to make such an application. "And plaintiff denies all of the allegations of the petition of defendant, and asks that they may be inquired into by proof, upon the hearing of the application for the removal of said cause." In support of these grounds of objection, plaintiff's counsel contend that the decisions of the Supreme Court of the United States, recognizing a corporation of a State as a citizen, for the purposes of such a removal, are not now applicable, (Railway Company *v.* Whitton, 13 Wall., 270,) because, by the act of Congress defining who is a citizen, a corporation is not embraced, (Rev. Stat., p. 351, act of 1866;) that the act of Congress of 1868, allowing a corporation to apply for such a removal, does not embrace, as a ground for it, prejudice and influence, as set up in this application, (Rev. Stat., p. 114, sec. 640,) and that defendant is, as to this suit, a corporation of this State, under the act of the Legislature of 2d May, 1874. (Genl. Laws, p. 197.)

The court, upon hearing the motion, ordered the removal of the cause as prayed for, and a suspension of the proceeding of said cause in the said District Court, to which the plaintiff excepted, and gave notice of appeal to the Supreme Court, and assigned as error the ruling of the court on said application for the removal of the cause.

In this court the defendant, by attorneys, filed a motion to dismiss the appeal, on the ground that this court is without jurisdiction, as the case had been removed from the court below to the Circuit Court of the United States for the western district of Texas, at Tyler, before the appeal was taken.

This motion is founded on the principle that the filing of the application in due form, containing a good ground for removal, under the laws of the Congress of the United States, by a person authorized by law to make the application, and

the filing of the bond required in such case, have the effect to suspend instantly the jurisdiction of the State court.

Justice Nelson, in a case on the circuit, held, that "no affidavits can be read before the State court in opposition. The application on the petition is *ex parte*, and depends on the papers on which it is founded; and if they are regular, and conform to the requirements of the statute, the court has no discretion; the act is peremptory." (Fisk *v.* The Union P. R. R. Co., 8 Blatchf., 247.)

Justice Blackford, in an elaborate review of the statutes and the decisions of the Supreme Court thereon, in a motion in the same case, at a previous term, says: "An order refusing a removal cannot prevent a removal, nor can an order granting a removal promote a removal. Neither order can affect the jurisdiction of this court in any manner whatever." Further, he says: "When the proper petition is presented in the State court, with the surety, so that the court acts upon the matter judicially, in any way whatever, whether the State court accepts the surety or not, unless it puts its refusal upon some valid defect in the petition, or some insufficiency in the surety, it loses jurisdiction of the cause *co instanti.*"

In the same opinion, quoting from Justice Nelson, in the case of Dennistoun *v.* Draper, 5 Blatchf. Rep., 336, it is said that, "if the petition and affidavit, with the certificate of counsel, failed to bring the cause within the act of Congress providing for the removal, it would be the duty of the court to remand it." "The question of jurisdiction belongs to the Federal courts, and must be heard and determined there." (Ib., 393.)

This will suffice to show the views generally entertained by the Federal courts of their powers on the subject. Had the State court overruled the application and proceeded to a trial and judgment in the cause, upon an appeal from the judgment rendered, the questions of the right of defendant to make this application, under the laws of this State and of the United States, and the competency of the grounds set out

to effect the removal, might have been proper subjects of revision by this court.   (Kanouse *v.* Martin, 15 How., 198.)

As the application for the removal was granted, because the District Court deemed the petition to be in due form by a proper party, and the surety sufficient, the plaintiff may apply to the Circuit Court of the United States for the correction of any errors that may have been committed to his prejudice, by proceedings in conformity with the rules and practice of said court.

An appeal to this court from said order of removal by the District Court, cannot avail him, because there is no final judgment in the District Court—not any more than an order changing the venue from one District Court of the State to another.   In contemplation of the Constitution and laws of the United States, the said Circuit Court, in reference to such a suit as this, is a court for this State, though created by the Federal Government; and if the grounds upon which it is given the preference over the District Court, in the trial of this cause, are found not to exist, it must be presumed that it would be remanded, or the jurisdiction be otherwise declined. .

We cannot decide in favor of the defendant's motion to dismiss this appeal, upon the ground set out in the motion, because that would require this court to determine whether or not the application for removal was sufficient, and whether or not the answer of plaintiff to the application was sufficient to prevent the removal, which would be to assume jurisdiction to hear and determine the questions involved in the application.   This we cannot do, for a reason apparent upon the record, which is, that the case has not proceeded to final judgment.   In the remedy by appeal, the powers of this court, for the revision of errors committed in the District Court, can only be brought into action after a final judgment has been rendered, disposing of the cause for or against the party who brings the suit.

For want of a final judgment, the appeal is dismissed.

DISMISSED.