SOUTHERN PACIFIC RAILWAY COMPANY v. R. H. HARRISON.

No. 2679.

1. **Removal of Cause to a Federal Court—Jurisdiction—Pleading.**—Under the Act of Congress of March 3, 1887, if the petition filed by the plaintiff in a suit instituted in a State court shows that the suit is between citizens of different States, that the defendant is a non-resident of the State in which the suit is pending, and also that the matter in controversy exceeds two thousand dollars exclusive of interest and costs, the right to remove said cause by the defendant to a United States court in the manner specified by act of Congress exists. If these facts exist but are not disclosed by the petition they may be shown in defendant's petition for removal. However they may be shown, after they are once properly shown the filing of the bond and petition for removal deprives the State court of all jurisdiction, and no pleading can afterward be amended in a State court. If an issue as to the existence of the facts which authorize a removal is made in the State court the State court tries and determines that issue.

2. **Same.** — A petition for the removal of a case to a Federal court which contains a sufficient statement of the citizenship of the defendant to show that the Federal court has jurisdiction need not be verified by affidavit or proved unless the alleged citizenship is put in issue under oath by special plea; the burden of proof would then be on the defendant who seeks the removal.

3. **Citizenship—Corporations.**—A corporation is conclusively presumed to be a citizen of the State which created it.

4. **Removal of Cause.**—It is the duty of the court and not of its clerk to determine the sufficiency of the bond for the removal of a cause from a State court to a Federal court. If no objection be made to the bond which is filed with the petition for removal it will be conclusively presumed that the securities were sufficient.

5. **Same—Agreement of Counsel.**—An agreement of counsel made before the beginning of a term of court to the effect that the cause should stand continued can

not be given the direct effect of depriving the defendant of his right to remove a cause to the Federal court.

6. **Citizenship.**—A railroad chartered by another State, doing business, owning property, and having an office and agents in Texas, does not thereby lose its citizenship of such other State or forfeit any right conferred on it by act of Congress regulating the removal of a cause from a State court by a non-resident defendant.

APPEAL from Colorado. Tried below before Hon. Geo. McCormick. The opinion states the case.

*Brown & Dunn,* for appellant.—Under the Act of Congress approved March 3, 1887, it was the duty of the court to accept the petition and bond filed by defendant for the removal of the suit to the Circuit Court of the United States, and to proceed no further in said suit. 103 U. S., 485, 494; 104 Id., 5; 106 Id., 118; 111 Id., 134; 19 Wall., 214; 100 U. S., 457; 102 Id., 135.

*Foard, Thompson & Townsend,* for appellee.—The court below did not err in refusing to remove the case to the Circuit Court of the United States. The court acted upon the petition for removal after the filing of appellee's amended original petition and after the filing of appellee's objections, and according to the record made his ruling after considering the petition of appellant and objections of appellee.

Though the appellant excepted to the ruling on this point he took no bills of exceptions and did not make it a part of his motion for new trial. T. & P. Ry. Co. v. McAlister, 59 Texas, 349; Rev. Stats, arts. 4120, 4115, 4119.

HENRY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover of appellant a moneyed judgment exceeding two thousand dollars exclusive of interest.

Plaintiff's original petition was filed on the 29th of June, 1887. Defendant was served with citation on the 2nd day of July, 1887. The term of the court to which the citation was returnable began September 6, 1887.

Plaintiff's original petition alleged that he was a resident of Colorado County, Texas, and that the defendant was a private corporation chartered by virtue of the laws of the State of Kentucky.

On September 6, 1887, the defendant filed its petition for the removal of the cause to the United States Circuit Court, and at the same time filed its bond, properly conditioned, and with two sureties, which was approved by the clerk of the court. The petition for removal states that at the time it was filed and at the time the suit was begun the plaintiff was a citizen and resident of the State of Texas; that the defendant was a citizen and resident of the State of Kentucky; and that

the matters in dispute exceeded exclusive of interest and costs the sum of two thousand dollars. Afterward, on the 19th day of September, 1887, plaintiff filed an amended original petition, in which he states "that he is unable to state where said defendant corporation was chartered," and does not state where defendant resides, but charges that it is a railway corporation, and as such owns and operates lines of railway in the State of Texas; that it has an office in the State of Texas as required by law, and a local agent, naming him, in Colorado County.

Plaintiff filed objections to the removal of the cause upon the following grounds:

1. Because before the beginning of this term of the court the attorneys for both parties had agreed that the cause should stand continued at the approaching term, which agreement was consent on defendant's part to the jurisdiction of the State court.

2. Because plaintiff by alleging in his amended petition his want of knowledge of the place of incorporation of the defendant had abandoned his allegation that it was in the State of Kentucky.

3. Because under his allegations that the defendant owned and operated lines of railroad in Texas, had an office in the State of Texas, and a local agent in Colorado County, the District Court had jurisdiction to determine the case.

4. Because under the Constitution and laws of the State of Texas the defendant being a railway corporation extending into and through the State of Texas, is required to keep an office in the State, at which it is required to keep its books, and its directors are required to meet annually in said State.

5. Because the petition for removal was not sworn to.

On the 30th of September, 1887, the District Court entered in its minutes an order overruling the defendant's petition to remove and retaining jurisdiction of the cause.

At the next term of the District Court the cause was tried and a final judgment rendered in favor of plaintiff, to reverse which this appeal is prosecuted.

Appellant assigns that "the court below erred in its judgment of 30th of September, 1887, refusing petition of defendant for removal of said cause to the Circuit Court of the United States for the Eastern District of Texas at Galveston, said petition and accompanying bond being in accordance with the provisions of the United States statutes concerning the removal of causes from the State courts and making a case removable under said statutes."

The Act of Congress of March 3, 1887, provides that any suit pending in a State court between citizens of different States where the matter in dispute exceeds exclusive of interest and costs the sum or value of two thousand dollars, may be removed into the Circuit Court of the United States

for the proper district by the defendant or defendants therein, being non-residents of that State. The process of making such removal as defined by the same act is for the defendant to file a petition in such suit, in such State court, at the time or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the Circuit Court to be held in the district where such suit is pending, and to make and file therewith a bond, with good and sufficient surety, for his or their entering in such Circuit Court on the first day of its then next session a copy of the record in such suit, and for paying all costs that may be awarded by the said Circuit Court if said court shall hold that said suit was wrongfully or improperly removed thereto. It is then the duty of the State court to accept said petition and bond and proceed no further in such suit.

Before the right to remove exists the record must be made to show that the suit is between citizens of different States, and that the defendant is a non-resident of the State in which the suit is pending, and also that the matter in controvery exceeds two thousand dollars exclusive of interest and costs.

If these facts are not already disclosed by the record they should be shown by the petition for removal. The defendant's petition for removal disclosed them all in this case. It was accompanied by the required security and was filed and brought to the attention of the court within the limited time required by the law.

If the facts stated in the petition for removal were true and the sureties sufficient the filing of the petition and bond by the express terms of the law deprived the State court of all jurisdiction over the case. Afterwards the pleadings could not be amended in that court.

The necessary jurisdictional facts, except the citizenship of the plaintiff, were stated in the original petition. The same facts, with the addition of the citizenship of plaintiff, are alleged in defendant's petition for removal. The petition for removal was not sworn to. The law does not require that it shall be.

It is necessary for the facts upon which the right to remove depends to be made to appear upon the record, and if an issue as to their existence is properly raised it is the right and duty of the State court to inquire into and determine for itself such issue.

As dependent upon citizenship the jurisdiction of the United States. Circuit Court does not exist either originally or on removal unless the record shows the required facts. It is well settled, however, in cases of original jurisdiction that if the necessary allegations of citizenship are made they do not have to be proved unless that issue is specially raised by a plea to the jurisdiction.

In like manner we think that a petition for removal containing a sufficient statement of the citizenship of the parties to show that the Federal Court has jurisdiction does not require to be verified by affidavit or otherwise proved, unless the fact of citizenship is put in issue by a special plea under oath, when the burden of supporting the petition would be cast upon the defendant seeking the removal, or, if such plea is not filed, at least by the party making the objection offering evidence to sustain it.

A corporation is conclusively presumed to be a citizen of the State creating it. In this case the citizenship of the defendant and the amount in controversy were shown by plaintiff's original petition, and thus appearing it was not necessary for the defendant to state their existence in its petition for removal or to offer evidence to establish them. It was the allegation of plaintiff's citizenship only that depended entirely upon the petition for removal. No objection was raised to the petition on that ground, and if there had been it would have been unavailing unless presented as above indicated.

The act of Congress is silent as to who shall approve the sufficiency of the security accompanying the petition. We think it is the duty of the court and not the clerk to determine this as well as the other questions arising in connection with the application to remove. But it has been held, and we think correctly, that if a bond proper in other respects and signed by sureties is filed with the petition to remove and no objection as to its sufficiency is made it must be conclusively presumed that it was sufficient.

In the replication filed by plaintiff to the defendant's petition for removal it is alleged that there had been an agreement made between the attorneys of the parties before the beginning of the term that the cause should be continued for that term, and it is objected that this agreement was in effect a waiver of the right to removal. This agreement does not appear otherwise than as an allegation in the replication or objection, which is unsworn to, and can not for that reason be given any effect by us. We are of opinion, however, that such an agreement would not have the direct effect of prejudicing the defendant or depriving it of its right to remove the cause. What effect such an agreement might have, if in consequence of it the opposite party did not have actual notice of the removal proceedings, does not become a question in this case. The fact that a railroad or any other corporation owns property, does business, has an office and agents in this State, and is subject to be regulated in any respect by our laws, does not affect its citizenship or deprive it of the privileges conferred upon it by the laws of the United States.

We think the District Court erred in proceeding further with the cause after the filing by defendant of its petition and bond for removal, and for this reason we reverse and remand the cause.

*Reversed and remanded.*

Delivered February 26, 1889.