## Texas & Pacific Railway Company v. Britton Davis.

#### No. 873. Decided March 1, 1900.

**1. Removal of Causes—Petition.**

A railway corporation created by act of Congress has the right, by virtue of that fact, to remove into the United States court a suit against it, as arising under such law, though plaintiff's petition allege defendant's incorporation otherwise. (P. 386.)

**2. Same—Petition—Bond—Filing.**

Where petition and bond for removal were presented as one instrument, and marked filed, no separate file mark on the bond was necessary. (P. 386.)

**3. Removal—Waiver After Right Exercised.**

Though seasonable filing of a sufficient petition and bond tolls the jurisdiction of the State court and transfers it eo instanti to the United States court, the right, being a mere jurisdictional privilege, may be waived after its exercise, and the jurisdiction of the State court restored. (Pp. 386, 387.)

**4. Same—Defense in State Court Not a Waiver.**

While restoration of the jurisdiction of the State court may be accomplished by an express waiver, and perhaps also by conduct inconsistent with an insistence on the right of removal, especially if prejudicial to the plaintiff, defendant does not lose his right by defending the action with all the means in his power in case the State court proceeds with the cause. (Pp. 386-388.)

**5. Same.**

As a general rule, when the jurisdiction is once lost, it takes the order of the United States court to restore it. (P. 388.)

**6. Same—Appeal—Res Judicata.**

It is questioned whether the failure on a former appeal to assign as error the refusal to grant removal could avail to restore the jurisdiction of the State court, also whether the proceedings on the former appeal can be considered where not shown in the transcript. (P. 388.)

**7. Same.**

Plaintiff, who forced a trial over defendant's objection that the court was without jurisdiction, was estopped from urging that the judgment was void for that reason when he appealed from a decision in defendant's favor, but the latter could insist on the affirmance without waiving his right to object to the jurisdiction of the District Court in case of a reversal and remand. (Pp. 388, 389.)

**8. Removal—Judgment in State Court—Remand by Federal Court.**

A judgment recovered by plaintiff in the State court after the filing of removal proceedings which transferred jurisdiction to the United States court, was not rendered valid by plaintiff subsequently filing the transcript in the United States court and having an order entered there remanding the cause to the State court; though such remanding order restored the jurisdiction of the State court from its date. (P. 389.)

**9. Foreign Corporation—Interstate Commerce.**

A foreign corporation transporting cattle from its ranch in New Mexico to one in Texas, by driving them to a railroad station in Texas and there shipping to the Texas ranch, was engaged, in such shipment, in interstate commerce, and could recover for damages in their transportation though having no permit to do business in Texas. (P. 389.)

**10. Right of Action—Agent—Assignee.**

See facts under which an agent contracting for shipment of cattle of another by rail, and receiving after suit brought a transfer of the interest of the owner in the damages occasioned, was permitted to recover in his own name from the carrier for injuries in transit. (Pp. 380, 381, 389.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from El Paso County.

Davis brought the suit against the railway company and recovered judgment, from which defendant appealed and on affirmance obtained writ of error.

The following are extracts from the opinion of the Court of Civil Appeals in this case:

"Neill, Associate Justice.— It was the intention of the owners of the cattle to transport them from Corralitos, in the Republic of Mexico, to Mitchell County, Texas, and in pursuance of this intention, which was known to defendant, while the cattle were still in Mexico, the contract with the defendant to receive and carry them from Fort Hancock to their destination was made. This contract of carriage was for a great part of the distance over the route of transportation from Corralitos to Mitchell County. While it was from one point to another in Texas, and in that sense may be considered local, as it was only for a part of the way from where the cattle were started on their journey to their destination, and as they were started from and passed through a foreign country until they reached the point in Texas where they were to be received by defendant and carried to their final destination, it must be held that the contract was one which related to foreign commerce.

"Had the cattle been shipped by rail from Corralitos to Fort Hancock, and there taken and carried by defendant's road to their destination, no one would for an instant doubt that they were the subject of foreign commerce from the beginning to the end of their journey. That they were driven on foot from the initial point of their journey to Fort Hancock, where they were received by defendant and transported to Mitchell County, does not make them any the less the subject of foreign commerce, for the question as to whether property is the subject of such commerce is not to be determined by its mode of transportation. Railway v. Husen, 95 U. S., 465.

"The Constitution of the United States provides that Congress shall have the power to regulate commerce with foreign nations, and Congress by the Act of February 4, 1887, having exercised this power delegated by the States, such commerce can not be affected by State legislation. Railway v. Miami S. S. Co., 86 Fed. Rep., 407.

"The right of foreign commerce to be protected from the operation of State laws by the Constitution of the United States comprehends the shipment of goods from a foreign country to any place in the United

States, and to be carried to such place from a port of entry either in the United States or an adjacent foreign country, and this protection extends from the time the goods, shipped from a foreign country, reach the United States until they arrive at the point of their destination. Rhodes v. State, 170 U. S., 412; Vance v. Vandercook Co., 170 U. S., 438; Bowman v. Railway, 125 U. S., 465; State v. Holleyman, 33 S. E. Rep., 366; Ex Parte Koehler, 30 Fed. Rep., 867; Mobile County v. Kimball, 102 U. S., 691; Houston Direct Nav. Co. v. Insurance Co., 89 Texas, 1; The Daniel Ball, 10 Wall., 557; Foster v. Davenport, 22 How., 244; Cutting v. Railway, 46 Fed. Rep., 641.

"We conclude, therefore, that notwithstanding the Corralitos Company was a foreign corporation doing business in Texas, which may have had an office in this State, and had not obtained a permit to do business here, it was not precluded by Revised Statutes, article 746, from maintaining this action, it being one arising from a transaction governed by the Constitution and laws of the United States affecting foreign commerce.

"It is complained in appellant's seventh assignment of error that the court erred in permitting the written transfer of Solon Humphreys and the Corralitos Company to Britton Davis to be read in evidence over defendant's objections, the objections being that the assignment was without consideration and no authority was shown to be in the person executing it to act for the company, nor any ratification by it of said act.

"That the assignment was without consideration was no affair of appellants. The assignors could do what they pleased with their own, and it is a matter of no moment to the defendant whether or not they receive a consideration for transferring their cause of action to the appellee.

"The plaintiff, being part owner and having made the contract for the shipment of the cattle, and having control of them, could maintain an action in his own name against the defendant for a breach of the contract and the consequent damages.

"Besides, the evidence shows that the transfer objected to was duly executed by the president and attested by the secretary of the company with its corporate seal affixed thereto. This was sufficient to raise the presumption that it was made with the authority of the company and to protect the defendant against another suit by the Corralitos Company upon the cause of action assigned.

"Further than this the defendant was not interested, for it could make no difference to it whether the damages were recovered by the owner of the cattle or its assignee, as only one action could be maintained and one recovery had on the transaction. Thomp. on Corp., secs. 4618, 5105; Burrill v. Nahant Bank, 35 Am. Dec., 395. As the transfer, signed by the president and attested by the secretary with the corporate seal, prima facie conveyed the Corralitos Company's cause of action to plaintiff, the burden of establishing its invalidity was upon the defend-

ant, and it wholly failed to establish that the assignment was not made
by the proper authority of the company. In our opinion the evidence
is sufficient to show that the board of directors. of the Corralitos Com-
pany assented to and ratified the transfer of the interest of the corpora-
tion in the cause of action to the plaintiff. It was not necessary that a
resolution assenting to and ratifying the act of the president in making
the transfer should be adopted by its board of directors and spread
upon the minutes of the company. Publishing Co. v. Hitson, 80 Texas,
228; Ice Cream Co. v. Merritt, 17 N. Y. Supp., 718."

*Edwards & Edwards,* for plaintiff in error.—The petition for removal
having stated a good ground for removal, and the State court having
approved bond for removal, presented with the petition, it should have
no longer taken jurisdiction of this case, and erred in refusing to re-
move the cause to the Circuit Court for the Western District of Texas,
and in proceeding to try this cause over the objections of appellant.
18 U. S. Stats., 470; 24 U. S. Stats., 552; 25 U. S. Stats., 433; Railway
v. Watson, 43 S. W. Rep., 1060; Building & L. A. of Dakota v. Cun-
ningham, 47 S. W. Rep., 714; Railway v. Cody, 166 U. S., 606.

A foreign corporation not permitted by the laws to sue in the courts
of this State can not avoid this disability by transferring its claim with-
out consideration to a person having full notice, so as to give to such
assignee the right to maintain a suit upon such claim. Rev. Stats.
1895, arts. 745, 746; Western Paper Co. v. Johnson, 38 S. W. Rep.,
364; Southern B. & L. Assn. v. Skinner, 42 S. W. Rep., 320; Thomp.
on Corp., sec. 7936, and notes, and vol. 7, Sup., sec. 8543.

The president of a corporation has no authority by virtue of his said
office to execute a transfer of the property of a corporation; and such
transfer can only pass the title in the event (1), the by-laws of the
corporation give him such authority; (2) he has been specially author-
ized by the board of directors to make the transfer; or (3), his action
is ratified by the board. Rev. Stats. 1895, art. 661; Fitzhugh v. Franco-
Texas Land Co., 81 Texas, 306; Franco-Texas Land Co. v. McCormick,
85 Texas, 416; Potts v. Wallace, 146 U. S., 689; Bank of U. S. v.
Dunn, 6 Pet., 51; Lyndon Mill Co. v. Lyndon L. & B. Co., 63 Vt., 581;
Williams v. Cheney, 3 Gray (Mass.),215, 222; Sampson v. Fox, 19 So.
Rep., 896; 1 Mora. on Corp., sec. 537; 2 Cook on Corp., sec. 712;
Thomp. on Corp., secs. 4613, 4614, 3617, 3619, and 4621.

While it is true that on account of the statutes of Texas, (Rev. Civ.
Stat. 1895. art. 676), providing that "any corporation may convey
lands by deed, sealed with the common seal of the corporation, and
signed by the president or the presiding member or trustee of said
corporation, &c" a deed to land, executed by the president with the
seal of the corporation attached would be prima facie a deed of the
corporation, this does not change the common law rule and give the
president, by virtue of his office, the right to transfer personal property

of the corporation, and confers upon the president no further authority than is expressed by this statute.

*T. A. Falvay* and *Waters Davis,* for defendant in error.—Appellee asks the court to refuse to consider and strike out pages 1 to 36 of the transcript herein covering the following entries found in the transcript, to wit: (1) Plaintiff's original petition; (2) petition for removal; (3) bond for removal; (4) plaintiff's exceptions to petition for removal; (5) judgment on petition for removal; (6) defendant's original answer; (7) order overruling exceptions; (8) plaintiff's first amended original petition; (9) defendant's first amended original answer; (10) order on exceptions to the jurisdiction. For the reason that said papers and proceedings purported to be copied in said transcript were not made a part of the trial of the case and in no way affected the proceedings at the trial from which this appeal was taken.

Appellee urges as additional objection to appellant's removal bond, that the same does not appear to have been filed in said trial court. Rev. Stats., art. 1411; Stark v. Ellis, 69 Texas, 544; Goss v. Pilgrim, 28 Texas, 266; Morris v. Files, 40 Texas, 378; Castro v. Illies, 11 Texas, 39; Duggan v. Cole, 2 Texas, 381; Railway v. Bootan, 4 Willson, C. C., sec. 230.

Should the court, nevertheless, consider said papers and proceedings, then, in answer to appellant's first, second, third, and fourth assignments of error, appellee presents the following: The judgment of the Circuit Court of the United States, where it was decided that appellant had waived its right of removal, should not be disturbed. It matters not that this appeal was perfected before said cause was remanded; for the reason that the Federal court has decided that it had the right to entertain appellee's motion and had power to remand this cause, though the same was at the time pending in this court. Said jurisdictional issue therefore is res adjudicata. Telephone Co. v. Luck, 40 S. W. Rep., 753; Talbott & Sons v. P. O. Co., 33 S. W. Rep., 746; Railway v. Fitzgerald, 160 U. S., 558; Seeligson v. Trans. Co., 7 S. W. Rep., 708; Powers v. Railway, 169 U. S., 97; Pioneer S. & L. Co. v. Peck, 49 S. W. Rep., 168; Kleiber v. McManus, 66 Texas, 48; Fitzgerald v. F. & M. Con. Co., 62 N. W. Rep., 910.

One should not be permitted to speculate upon his case in the State court; maintain that such court has jurisdiction so long as the judgment stands in his favor, but repudiate the court's action when the decision is adverse. By remaining silent on the former appeal, when it might have had the action of the lower court reviewed, and have spared appellee the cost of "two expensive trials," appellant has estopped itself. Henderson v. Cabell, 19 S. W. Rep., 290; Amy v. Manning, 10 N. E. Rep., 737; Wadleigh v. Insurance Co., 45 N. W. Rep., 109; Railway and Term. Co. v. Day, 54 Fed. Rep., 545; Bank v. Conway, 30 N. W. Rep., 215; Bank v. Smith, 13 Blatch., 224; Dillon, Rem. Causes, sec. 154.

As appellant, in the Federal court, placed great reliance in the case of Railway v. Koontz (104 U. S., 5), we presume its contention again will be that said case is authority showing that appellant has not waived its right of removal. This case decides, so far as the decision may be applicable here, that the removing party does not become estopped "where he is forced by his adversary to remain in the State court until he can, in a proper way, secure a reversal of the order which keeps him there." 104 U. S., 30.

We think that appellant, after it has tried conclusions in all the courts of this State, and after it has speculated upon its case through at least two unnecessary trials in the District Court, should not now be permitted to revive the point it has, for so long, held in reserve.

It appears to us, furthermore, that appellant voluntarily waived its point, in another respect. As appears from the record, the court, at the time in which it denied the removal, also rendered judgment in favor of this appellant. Immediately upon the rendition of this judgment appellant ceased to hold back, but, on the other hand, commenced trying in every way to pull the judgment through; seeking in two courts to have the same sustained. For so much, perhaps, appellant should not be censured, since, of the two modes of procedure open to it, appellant might select the course that apparently promised the most advantages. Yet in choosing one, the other must, of necessity, be waived.

That the defendant in a case like the present may waive its right of removal has been decided in many cases. The Supreme Court of the United States recognizes this as a fact in the Koontz case, the "Removal Cases," and in many others. Thus in Railway v. Mississippi (12 Otto, 135) they say: "It (the railway company) remained in the State court under protest as to the right of that court to proceed further in the suit, and there is nothing in the record to show that it waived its right to have the cause removed to the Federal court and consented to proceed in the State court as if there had been no petition and bond for removal."

That this right may be waived and that our courts may judicially so declare, seems to us quite certain. Thus in a late case of the Supreme Court of the United States, it is said: "A person may, by his acts or omission to act, waive a right which he might otherwise have under the Constitution of the United States. as well as under a statute, and the question of whether he has or has not lost such right by his failure to act, or by his action, is not a federal one." Pierce v. Railway, 171 U. S., 649.

The Supreme Court in effect admitted the right of the State court to decide upon its jurisdiction as to a question of waiver, in the case of Pennsylvania Co. v. Bender, 148 U. S., 255, in which it held that, where the State court struck out the application for removal and affirmed the judgment of the lower court, on the ground that defendant had not properly made the point a matter of record on appeal, no Federal question remained.

Appellant's right to have this cause tried in the Federal court, having been claimed only prior to the first appeal and not having been raised at the trial from which this appeal is taken, is now not a question before this court raised in a way that it may properly be considered. Railway v. People, 106 Ill., 652; McGehee v. Lane, 34 Texas, 390; Mortgage Co. v. Thorne, 26 S. W. Rep., 276; Armendiaz v. Serna, 40 Texas, 297; Pierce v. Walters, 164 Ill., 560; Penn. Co. v. Bender, 148 U. S., 255; Insurance Co. v. Curtis, 32 Mich., 402; Rough v. Booth, 3 Pac. Rep., 91.

It is not sufficient that the court approve the removal bond; such bond must be filed with the petition. Penn. Co. v. Bender, 148 U. S., 255; Austin v. Gagan, 39 Fed. Rep., 626.

Appellee having made the contract with appellant and being part owner of the cattle concerned in this suit, and having the possession and control of all of the same, could sue and recover in his own name. Railway v. Smith, 84 Texas, 350.

The cattle were international commerce, and therefore not subject to the restrictions of our statute. Railway v. Husen, 95 U. S., 465; Miller v. Goodman, 40 S. W. Rep., 718; Bateman v. Milling Co., 20 S. W. Rep., 931; Starch Co. v. Bateman, 22 S. W. Rep., 771; Leisy v. Hardin, 135 U. S., 100.

The Corralitos Company of Colorado had transacted and solicited no business, and had no office in this State prior to entering into the contract sued on herein, and prior to the accrual of this cause of action; wherefore, its rights in this suit would be unaffected by the statutory restrictions relied upon. Whitley v. Gen. Electric Co., 45 S. W. Rep., 959.

The character of business done in this State by the Corralitos Company of Colorado was not such as was attempted to be prohibited by the statute. Tabor v. Goss, etc. Co., 18 Pac. Rep., 542; Thomp. on Corp., sec. 1936.

Being part owner and having made the contract for the shipment of the cattle sued for, and having the possession and control of all the same, appellee, even in the absence of a transfer or written assignment, could sue and recover in his own name.

The transfer, duly executed by the president and attested by the secretary, with the corporate seal affixed, carried with it the presumption that it was made with authority and for sufficient consideration, and that it was valid and binding. Burrill v. Bank, 35 Am. Dec., 395; St. L. Pub. Schools v. Risley, 75 Am. Dec., 133; Thomp. on Corp., secs. 4618, 5105; Indianola v. Railway, 56 Texas, 603; Mora. on Corp., sec. 538; 2 Cook on Corp., sec. 716, p. 1078; State v. Heckart, 62 Mo. App., 427.

The board assented to and ratified the action of the president in transferring to appellee the interest of the corporation in this cause of action. It was not necessary that a resolution be adopted and spread upon the minutes. Campbell v. Pope, 10 S. W. Rep. (Mo.), 188;

Chouteau v. Allen, 70 Mo., 328; Fort Worth Pub. Co. v. Hitson, 80 Texas, 228, 235; 2 Cook on Stockh. and Corp., sec. 712, 1055; Thomp. on Corp., sec. 4618.

In support of a motion for rehearing, which was overruled, the same counsel urged:

Admitting that the repetition of the protest at subsequent stages is not essential to disprove acquiescence, yet would not the removing party, according to the practice of the court, have to make some objection at trial from which the appeal is taken; since the errors committed at the last trial are the ones that the appellate court reviews?

This court expressed a doubt as to the right to look to its proceedings on the former appeal. We have to say that the authorities seem to fully acknowledge such right. Bank v. State, 96 Tenn.. 591; Brucker v. State, 19 Wis., 566; The Santa Maria, 10 Wheat., 442. In re Sanford Fork & Tool Co., 160 U. S., 256. Supervisors v. Kennicott, 94 U. S., 498.

Though the question of this court's jurisdiction was not presented here on the former appeal, this court took jurisdiction and decided the case on its merits; hence the removal question has been decided by implication, and is res judicata. To the authorities reviewed we add the following: Frankland v. Cassaday, 62 Texas, 418; Burke v. Mathews, 37 Texas, 73; Birney v. Haim, 12 Ky. (2 Litt.), 262; Clarke v. Lyon Co., 8. Nev., 181; Champaign Co. v. Reed, 106 Ill., 389; Carmichael v. Ballard, (Texas Civ. App.), 31 S. W. Rep., 80; Carter v. Hough, 89 Va., 503; Pollack v. Cohen, 32 Ohio St., 514; Forgerson v. Smith, 3 N. E. Rep., 867; Mason v. Mason, 68 Ky., 193; McWilliams v. Walthall, 77 Ga., 7; Davis v. McCorkle, 77 Ky., 746; 2 Enc. of Pl. and Prac., p. 380, and many authorities taken from eleven States cited in foot note 2.

The text upon which the decisions are cited in the last authority is as follows: "The principle of res adjudicata on a second appeal of the same cause applies to all questions which might have been decided as materially involved in the cause, whether actually decided or not."

The mandate heretofore issued herein by this court precludes the consideration of any proceedings prior to such mandate: "Nothing is before this court on this appeal, except what is subsequent to the mandate." The mandate issued out of this court April 14, 1898. The proceedings sought to be reviewed occurred January 7, 1896, and January 4, 1897. Whyte v. Gibbes, 20 How., 542; Roberts v. Cooper, 20 How., 467; Noonan v. Bradley, 12 Wall., 121; Magwire v. Tyler, 17 Wall., 253; Supervisors v. Kennicott, 94 U. S., 498; McKinney v. State, 117 Ind., 26; Newberry v. Blatchford, 106 Ill., 597; Meridith v. Clarke, Sneed 189; Ogden v. Larrabee. 70 Ill., 510; Rutherford v. Lafferty, 7 Ark., 402; Walker v. Walker, 7 Ark., 542; Bushnell v. Brown, 8 Mart., (New Series, La.), 157; City of Logansport v. Humphreys, 6 N. E. Rep., 337; Hobson v. Doe, 4 Blackford, 487; Dodge v. Gaylord, 53 Ind.,

365; Wilson v. Binford, 81 Ind., 588; Still v. Anderson, 63 Miss., 545, and authorities cited in 2 Enc. of Pl. and Prac., p. 379, note 1.

GAINES, Chief Justice.—This suit was brought by the defendant in error· against the plaintiff in error to recover damages for an alleged failure to promptly carry and carefully transport certain cattle. It has been tried twice. Upon the first trial, there was a judgment in favor. of the defendant in the trial court, which judgment was reversed by this court. 91 Texas, 505. Upon the second trial, the plaintiff recovered and the judgment in his favor has been affirmed by the Court of Civil Appeals. To reverse that judgment, the defendant in the trial court has applied for and obtained this writ of error.

On the 6th day of January, 1896, which was the first day of the next term of the District Court after the suit was brought, the defendant filed its petition and bond for a removal of the cause to the Circuit Court of the United States. On the next day, the plaintiff excepted to the petition for removal, and the court, after approving the bond, in effect sustained the exception and entered an order refusing to remove the cause, to which the defendant excepted. The only legal effect of this action was to announce the opinion of the court, that the petition and bond were not sufficient and to apprise the defendant that the cause would be proceeded ;with in the State court. Thereupon the defendant answered, urging, among other things, both by demurrer and plea, the removal of the cause to the United States court and the consequent want of jurisdiction in the State court. But its objection was formally overruled, to which action of the court exception was taken and duly entered of record.

The action of the court in holding that the cause was not removed and in proceeding ·with the case to a final determination over the objection of the defendant was assigned as error in the Court of Civil Appeals and is also assigned in this court.

The petition for removal of the cause was sufficient (Texas & Pacific Railway Co. v. Cody, 166 U. S., 606); and there is no merit in the contention of defendant in error that the bond ·was not filed. The transcript shows that the petition and bond were filed together; and, further, that when the trial judge sustained exceptions to the petition, he had the bond before him and held it good.

But it is urgently insisted that the defendant, by its action in the State court, has waived its right of removal. The rule now well established is that the seasonable filing of a sufficient petition for removal, accompanied by a sufficient bond, tolls the jurisdiction of the State court and transfers it eo instanti to the United States court. It would seem, however, that since the right of removal is a mere jurisdictional privilege, it might be waived even after it has been exercised, and the jurisdiction of the State court restored. An express waiver would accomplish this result; and it may be, also, that conduct on part of the defendant inconsistent with the idea that he intends to insist upon the

removal of the cause—especially when such conduct is prejudicial to the rights of the plaintiff—should be deemed a waiver. But that the defendant does not lose his right by defending the action with all the means in his power, in case the State court proceeds with the cause, is now the settled law. In the case of the National Steamship Company v. Tugman, 106 U. S., 118, the Supreme Court of the United States say:

"The only remaining question which need be considered is, whether the jurisdiction of the State court was, in any form, restored after the company filed its petition and bond for removal. The defendant in error insists that it was. The petition was accompanied by a bond, which, it is conceded, conformed to the statute, and was ample as to security. Upon the filing, therefore, of the petition and bond—the suit being removable under the statute—the jurisdiction of the State court absolutely ceased, and that of the Circuit Court of the United States immediately attached. The duty of the State court was to proceed no further in the cause. Every order thereafter made in that court was coram non judice, unless its jurisdiction was actually restored. It could not be restored by the mere failure of the company to file a transcript of the record in the Circuit Court of the United States within the time prescribed by the statute. The jurisdiction of the latter court attached, in advance of the filing of the transcript, from the moment it became the duty of the State court to accept the bond and proceed no further; and whether the Circuit Court of the United States should retain jurisdiction, or dismiss or remand the action because of the failure to file the necessary transcript, was for it, not the State court, to determine.

"Nor was the jurisdiction of the State court restored when the company, subsequently, consented to the order requiring the issues to be heard and determined by a referee selected by the parties, or when it appeared and contested the case, as well before the referee as in the State courts, up to final judgment. The right of the company to have a trial in the Circuit Court of the United States became fixed upon the filing of the petition and bond. But the inferior State court having ruled that the right of removal did not exist and that it had jurisdiction to proceed, the company was not bound to desert the case and leave the opposite party to take judgment by default. It was at liberty, its right to removal being ignored by the State court, to make defense in that tribunal in every mode recognized by the laws of the State, without forfeiting or impairing, in the slightest degree, its right to a trial in the court to which the action had been transferred, or without affecting, to any extent, the authority of the latter court to proceed. The consent by the company to a trial by referee was nothing more than an expression of its preference (being compelled to make defense in the State court) for that one of the several modes of trial permitted by the laws of the State. It is true that when the cause was taken up by the referee, as well as when heard in the Supreme Court of the State and

in the Court of Appeals, the company protested that the Circuit Court of the United States alone had jurisdiction after the petition and bond for removal were filed. But no such protests were necessary, and they added nothing whatever to the legal strength of its position. When the State court adjudged that it had authority to proceed, the company was entitled to regard the decision as final, so far as that tribunal was concerned, and was not bound, in order to maintain the right of removal, to protest, at subsequent stages of the trial, against its exercise of jurisdiction. Indeed, such a course would scarcely have been respectful to the State court after its ruling upon the point of jurisdiction had been made.

"What we have said upon this subject is fully sustained by our former decisions, particularly Railway v. Koontz, 104 U. S., 5; Railway v. Mississippi, 102 U. S., 135; Kern v. Huidekoper, 103 U. S., 485; and Insurance Co. v. Dunn, 19 Wall., 214."

The language quoted clearly shows that by filing the petition and bond, the jurisdiction of the State court is gone, and aptly speaks of its jurisdiction as being "restored." It may be seen how an express agreement or an express waiver, which is practically the same thing, may restore the lost jurisdiction; but it is not evident that any other act done in the State court, after it has lost all power over the case, should have that effect. It would seem, as intimated in the language just quoted, that, as a general rule, when the jurisdiction is once lost, it takes the order of the United States court to restore it. At all the events, we think the case of the Steamship Company v. Tugman, supra, is conclusive of all questions of waiver which are raised by the record before us.

But it is urged that the defendant waived its right of insisting upon removal of the cause by not raising the question upon the former appeal in this case. If, by reason of any act or omission of the defendant in course of an appeal, the jurisdiction of the State court has been restored, the record in this case does not show it. There appears in the transcript neither a former judgment, a notice of appeal, an appeal bond, nor a mandate. Consequently, we must treat the case as if no former appeal had been taken. If the defendant desired to avail himself of the point, he should have caused the transcript to show that a former appeal had been perfected.

But if, as has been decided, the defendant does not restore the jurisdiction of the court after the case has been removed by making his defense in the trial court, we do not clearly see how, as is contended, such result would follow from an appeal from the judgment merely because the action of the court in proceeding with the trial of the cause was not assigned as error in the appellate court. But if, in deciding this question, we were at liberty to look at the records of this court upon the former appeal, we should find that upon the first trial the judgment was in the defendant's favor. The plaintiff then appealed. The rights of the parties, with reference to the vacating of that judgment, were

different. The plaintiff had forced a trial over the objection of the defendant that the court was without jurisdiction, and it did not lie in his mouth to say that the judgment was coram non judice and therefore void. In the absence of some other error, he was bound by it and it was the defendant's right to hold him to it. Very clearly we think the defendant had the right to insist upon the affirmance of the judgment in his favor and that by doing so he did not waive his right to object to the jurisdiction of the District Court, in case of a reversal and a remand for a new trial.

The defendant in error has filed in the Court of Civil Appeals what is styled a supplemental transcript, showing a motion by himself to vacate the judgment appealed from, filed after the judgment was rendered; a transcript from the proceedings of the United States Circuit Court, showing that subsequent to that motion he had filed the record in the latter court and had caused the case to be remanded to the State court; and a subsequent paper filed by him in the State court, withdrawing his motion to vacate the judgment. The order remanding the cause was made on the 18th day of April, 1899, which was more than two months after the rendition of the judgment.

We do not see why the remanding order does not show a restoration of the jurisdiction of the State court on the day of its date; but that it did not have the effect of giving life to a judgment that was rendered in the court at the time it had no jurisdiction and make that valid which was void, is a proposition we think too plain for argument.

Having examined the other assignments, we are of opinion that they show no error. The questions raised by them are correctly determined by the Court of Civil Appeals. It has been not without difficulty that we have reached that conclusion as to the right of the plaintiff, Davis, to prosecute the suit for the damages which accrued to the Corralitos Company. We do not doubt that the shipment of the cattle was an interstate shipment and that therefore the contract was a lawful one, although the corporation may have been doing business in the State contrary to its laws. The language of article 746 of the Revised Statutes is very broad. It prohibits a foreign corporation which is doing business in the State from bringing suit "on any demand whatever arising out of contract or tort unless, at the time such contract was made or tort committed, the corporation had filed its articles of incorporation," etc. We do not think it was the purpose of the statute to prohibit in any case suits growing out of contracts of interstate commerce.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*