LINCOLN v. ROBINSON et al.

(District Court, D. Maine. March 16, 1912.)

No. 117, Law.

REMOVAL OF CAUSES (§ 102*)—AMOUNT IN CONTROVERSY—SUIT REMOVED PRIOR
TO JANUARY 1, 1912—REMAND.

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091) § 24 gives the
District Court jurisdiction of suits where the matter in controversy ex-
ceeds $3,000; and section 28 gives it the same jurisdiction of suits by
removal. Section 37 provides that if, in any suit pending in the District
Court, removed from a state court, it shall appear to the satisfaction of
the court, at any time after removal, that such suit does not involve a
controversy properly within its jurisdiction, it shall remand the same.
Section 290 provides that suits pending in the Circuit Courts at the time
the Code takes effect shall thereupon be proceeded with in the District
Courts in the same manner as if originally begun there. *Held,* that a
suit properly removed to the Circuit Court before the Code took effect
should not be remanded, on motion made in the District Court after it
took effect, because it involved less than $3,000, in view of section 299,
which provides that the Code shall not affect any act done, or any right
accrued or accruing, or any suit or proceeding pending, at the time it
takes effect.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–
220, 223, 224; Dec. Dig. § 102.*]

At Law. Action by Abbie M. Lincoln against Frank P. Robinson
and others. On motion to remand to state court. Motion denied.

Arthur S. Littlefield, for plaintiff.
Frank H. Haskell, for defendants.

HALE, District Judge. This cause comes before the court on
plaintiff's motion to remand the case to the Supreme Judicial Court of
Maine, County of Lincoln, from whence it was removed to the United
States Circuit Court shortly before the April term, 1911, and was
pending in the Circuit Court when that court was abolished. By vir-
tue of the Judicial Code, approved March 3, 1911, the action has come
to this court. The amount claimed is $2,376.12. The motion sets
out that this court now has no jurisdiction of the action, for the rea-
son that by section 24 of the Judicial Code it is provided that the Dis-
trict Court has jurisdiction of suits where the matter in controversy
exceeds, exclusive of interest and costs, the sum of $3,000; that by
the twenty-eighth section of the Judiciary Act it is provided that this
court has jurisdiction of suits by removal from state courts in the
same cases where this court would have original jurisdiction; that by
section 37 it is provided that if in any suit pending in this court, re-
moved from a state court, it shall appear to the satisfaction of this
court, at any time after said suit has been removed hereto, that such
suit does not really and substantially involve a dispute or controversy
properly within the jurisdiction of this court, this court shall remand
such suit to the court from which it was removed. The plaintiff says

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that this suit does not involve a dispute which is now within the juris-diction of this court, and that hence it should be remanded to the state court.

It appears, then, that the Circuit Court had full jurisdiction of the cause at the time of its removal from the state court to the Circuit Court. It is true that section 37 provides that in case a suit is re-moved from the state court to the District Court of the United States, and it shall appear to the satisfaction of the District Court after such removal that the suit does not really involve a dispute properly within the jurisdiction of the District Court, then the District Court shall pro-ceed no further. It is true that this action does not present a claim exceeding $3,000 in amount. We find, too, that by section 290 suits pending in the Circuit Court on the date of the taking effect of the Judicial Code shall "thereupon, and thereafter, be proceeded with, and be disposed of, in the District Courts in the same manner, and with the same effect, as if originally begun therein."

When we first look at these two sections, and when we consider that a motion directed to the jurisdiction must be considered at the very time when the case is presented to the court for hearing, there appears to be some force in the contention of the learned counsel for the plaintiff that under the Judicial Code the District Court has no jurisdiction, inasmuch as the claim involves less than $3,000. But upon examination of section 299 we find that this section contains the substantial provision that the repeal of existing laws, or the amend-ments thereof, embraced in the Judicial Code, shall not affect any act done, or any right accrued or accruing, or any suit or proceeding pending, at the time of the taking effect of the act. Bearing in mind this provision, I cannot think that Congress intended to deprive the District Court of jurisdiction in a case where the Circuit Court had jurisdiction. If Congress had intended such result, I think it would have expressed its intention in clear, unmistakable language.

After a careful examination of the case, I conclude that the Dis-trict Court has jurisdiction. The motion to remand is denied.