WELLS FARGO & CO. EXPRESS v. HALE.
(No. 7246.)

(Court of Civil Appeals of Texas. Dallas. March 20, 1915. Rehearing Denied April 17, 1915.)

1. REMOVAL OF CAUSES ⬤⇒95—PROCEEDINGS —EFFECT OF FILING PETITION AND BOND.
Where a petition and bond in due form for removal of a cause to the federal court is filed, the state court loses jurisdiction of the cause.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 204, 205; Dec. Dig. ⬤⇒ 95.]

2. COURTS ⬤⇒327—FEDERAL COURTS—JURIS-DICTION—AMOUNT IN CONTROVERSY—AMENDMENT.
Under the federal Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087), which increased the amount required to confer jurisdiction on the federal court from $2,000 to $3,000, and section 299 (U. S. Comp. St. 1913, § 1276) of which provided that the repeal of the existing laws or the amendment thereof embraced in the act should not affect any act done or any right accruing or accrued or any suit or proceeding pending at the time of the taking effect of the act, but all such suits and proceedings and suits and proceedings for causes arising or acts done prior to such date might be commenced and prosecuted within the same time and with the same effect as if said repeal or amendments had not been made, the federal court has jurisdiction over a controversy between citizens of different states for an amount between $2,000 and $3,000, where the cause of action arose before the Judicial Code took effect, though the action was not begun until later.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 889; Dec. Dig. ⬤⇒327.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by John C. Hale against Wells Fargo & Co. Express. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. H. M. Peak, of Farmersville, and N. E. Peak, Robt. F. Spearman, B. Q. Evans, and H. L. Carpenter, all of Greenville, for appellee.

RAINEY, C. J. This is a suit by appellee against appellant for damages for defamation of character, etc.; the appellee alleging that he was a resident of Collin county, Tex., and that appellant was a foreign corporation incorporated under the Constitution and laws of the state of ——, but had a local office and local agent in Hunt county, Tex., naming the agent. Appellant seasonably filed its petition and bond in due form for removal of said cause to the District Court of the United States for the Northern District of Texas, at Dallas, based on the ground of diversity of citizenship, alleging that appellant was incorporated under the laws of, and had its domicile in the state of, Colorado. The bond was duly approved, but the application for removal was overruled. Exceptions were duly reserved, and the court proceeded to try the case, which resulted in a judgment for appellee, from which this appeal is taken.

The proposition is:
"The district court erred in refusing to grant defendant's petition to remove the cause to the District Court of the United States for the Northern District of Texas, at Dallas, which petition was framed in accordance with the statutes and rules applicable, and showed on its face that the cause was removable, and was accompanied by a good and sufficient bond conditioned and payable as required by law, which bond was approved by the court, said petition and bond having been filed in said district court, and presented to the court, before a time when the defendant was required by law to plead or answer."

[1] There being diversity of citizenship between the appellant and the appellee, and a petition and bond in due form having been seasonably filed, and the bond having been duly approved, the district court of Hunt county lost jurisdiction of the cause, and that court erred in proceeding with the trial of the case, but should have at once transferred it to the federal court. Railway Co. v. Harrison, 73 Tex. 103, 11 S. W. 168; Railway Co. v. Davis, 93 Tex. 386, 54 S. W. 381, 55 S. W. 562.

[2] It is urged by appellee that by an act of Congress passed March 3, 1911, the jurisdictional amount was changed from a sum in excess of $2,000 to a sum in excess of $3,000, and went into effect January 1, 1912, and that the District Court of the United States had no jurisdiction of this case; the amount

involved being less than $3,000. Section 299 of said act provides:

"The repeal of existing laws, or the amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within the provisions of this act, pending at the time of the taking effect of this act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made."

The foregoing section of said act excepts from its provisions causes of action arising before January 1, 1912, and plaintiff's cause of action arose prior to January 1, 1912. Therefore it falls within the excepted classes and was subject to removal. This precise question was decided in Taylor v. Railroad Co. (D. C.) 197 Fed. 323, and, as the views therein accord with ours, we quote extensively as follows:

"This suit is for a cause of action arising prior to January 1, 1912, and it therefore belongs to the class which 'may be commenced and prosecuted within the same time and with the same effect as if said repeal or amendment had not been made.' The phrase 'with the same effect' must mean with the same result or with the same consequences. The intention of Congress must have been to leave a cause of action arising prior to January 1, 1912, subject to the same rules and procedure to which it would have been subject if the law had not been changed. . Counsel for plaintiff contend that the question has been decided in their favor by the Supreme Court in the cases of Washington Home for Incurables v. American Security & Trust Co. et al., and Vermillion v. B. & O. R. Co., 224 U. S. 486, 32 Sup. Ct. 554, 56 L. Ed. 854, decided April 29, 1912. In those cases the Supreme Court held that the right of appeal from the Court of Appeals of the District of Columbia, in a case pending on January 1, 1912, but not decided until after that date, was not saved by that section; that the qualifying words 'including those pending on appeal' excludes those not pending on appeal on January 1st. With reference to these qualifying words the court said: 'If express words were thought necessary to save pending appeals, a fortiori such words were used.' The question of the right of appeal from the Court of Appeals of the District of Columbia was the only question before the court. In that case the court further says: 'The first part of the section declaring what shall not happen is elucidated by the antithetical statement, in the last part, of what shall take place. We gather from that that all suits upon causes of action that arose before January 1st stand alike.' That means suits. pending on January 1st, and suits brought after that date, on causes of action arising before that date, 'stand alike.' In pending suits in which the time for application to remove had not passed on January 1st, the right was saved by section 299. It was a 'right accrued or accruing' on January 1, 1912. · Lincoln v. Robinson (D. C.) 194 Fed. 571. If such a suit stands on the same footing as a suit brought after January 1st on a cause of action arising before that date, as stated by Mr. Justice Holmes in the opinion above referred to, then the right to remove the latter suit is also saved by that section. The 'antithetical statement' includes not only all 'suits and proceedings' referred to in the first part of the section, but also 'suits and proceedings for causes arising, or acts done

prior' to January 1st. .If both classes 'stand alike,' and the right of removal is saved to the first, the conclusion follows that it is saved to the second also. So far as the decision of the Supreme Court can be said to be applicable here, it is opposed to the effect sought to be given to it by counsel for plaintiff in this case."

The judgment is reversed, and the cause remanded.