## MARYLAND CASUALTY CO. v. DYER.

### No. 1879.

Court of Civil Appeals of Texas.

Eastland.

Feb. 10, 1939.

Smith & Eplen, of Abilene, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, and Smith & Smith, of Anson, for appellee.

FUNDERBURK, Justice.

Duly following adverse action by the Industrial Accident Board upon his claim for

compensation insurance, Chas. Wesley Dyer brought this suit against Maryland Casualty Company, the insurance carrier for his employer, Fischer Brothers, to recover such compensation for alleged injuries. The total sum claimed was $8,020. Plaintiff's petition was filed on August 10, 1937, in the District Court of the 42nd Judicial District. Citation, served August 14, 1937, commanded appearance of the defendant on September 6, 1937. On September 4, 1937, upon due notice, the defendant filed a petition and bond for removal of the cause to the Federal Court, the petition on its face showing a right of removal on the ground of diversity of citizenship, and the bond being "in all respects in conformity with the law governing same" and duly approved and filed. On September 6, 1937, plaintiff filed his First Amended Original Petition asserting the same cause of action but reducing the amount claimed to $3,000. Upon a hearing of the petition for removal, on October 2, 1937, the court made an order denying the removal on the sole ground "that plaintiff filed herein his First Amended Original Petition reducing the amount of compensation claimed to $3,000." Subsequently the defendant answered, but insisting that the court was without jurisdiction and that the United States District Court for the Northern District of Texas did have jurisdiction because of said removal proceedings. The case having been transferred, on the court's own motion, to the District Court of the 104th Judicial District, it was tried in the latter court and judgment rendered for plaintiff for a sum less than $3,000. Following a motion for new trial, assigning as a ground of error, among others, the want of jurisdiction, the defendant has duly prosecuted appeal to this court.

We shall first consider the question of jurisdiction. There was no doubt but that the case was legally removed to the United States District Court, unless the filing of Plaintiff's First Amended Original Petition reducing the claim of compensation from $8,020 to $3,000 had the effect of rendering it non-removable.

■ The first day of the term of court at which the defendant was required to answer was September 6, 1937. The defendant had until the time of the call of the appearance docket on September 7, 1937, in which to file its answer. R.S.1925, Art. 2009. The requirement of the law was that the petition for removal and bond be filed at or before the expiration of that time, the language of the statute being "at the time, or *any time before* the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." (Italics ours.) 28 U.S.C.A. § 72. All prerequisites to a removal of the case were accomplished on September 4, 1937. The immediate effect was to vest the United States District Court with jurisdiction and to divest or suspend the jurisdiction of the state court.' The rule is that "on the filing in the state court, in due time, of a sufficient petition and bond, in a cause removable thereby, the jurisdiction of the state court absolutely ceases, and that of the circuit court [now district court] of the United States immediately attaches, regardless of any action thereon by the state court; and any further proceeding in the state court is coram non judice, unless its jurisdiction is actually restored." 28 U.S.C.A. § 72, note 371, and long list of authorities cited. Durham v. Southern Life Ins. Co., 46 Tex. 182; Southern Pacific Ry. Co. v. Harrison, 73 Tex. 103, 11 S.W. 168.

■■ Where a petition for removal in a removable case, accompanied by proper bond, is duly filed and on its face shows a right of removal, the effect of filing an amended petition reducing the amount in controversy to $3,000 or less is dependent upon whether such amended petition is filed before or after the petition for removal is filed. When plaintiff's amended petition is filed before the petition for removal is filed, the rule is stated thus: "The plaintiff may amend his complaint before a petition and bond for removal are filed, so as to demand less than the jurisdictional amount, and thereby defeat a removal." 28 U.S.C.A. § 71, note 201, and authorities cited. See, also, Western Union Telegraph Co. v. Campbell, 41 Tex.Civ.App. 204, 91 S.W. 312; Skelton & Wear v. Wolfe, Tex.Civ. App., 200 S.W. 901. But where plaintiff's amended petition is filed after the petition and bond for removal, the rule is as follows: "The right to a removal cannot be defeated by an amendment reducing the amount claimed, after the petition and bond for removal have been filed." 28 U.S.C.A. § 71, note 202, and authorities cited. Under these rules, it seems scarcely arguable that the court below had jurisdiction, unless it was re-invested with jurisdiction by a waiv-

624

er on the part of the defendant of the right of removal.

 Upon the latter point the law seems to be well settled that when by proper petition for removal and bond in a removable case, a state court is divested of jurisdiction of the cause and the federal court vested with jurisdiction thereof, the defendant, by subsequently defending in the state court, including an appeal from an adverse judgment therein, does not thereby waive the want of jurisdiction in the state court. National Steamship Co. v. Tugman, 106 U.S. 118, 1 S.Ct. 58, 27 L. Ed. 87; Texas & P. Ry. Co. v. Davis; 93 Tex. 378, 54 S.W. 381, 55 S.W. 562. There was therefore manifestly no waiver of the want of jurisdiction.

It is unnecessary to discuss other assignments of error.

It being our conclusion that the judgment of the trial court should be reversed and all proceedings in said cause subsequent to the removal thereof dismissed, it is accordingly so ordered.