## HENDERSON *v.* CABELL *et al.*

*(Circuit Court, N. D. Texas.* June 2, 1890.)

1. REMOVAL OF CAUSES—MOTION TO REMAND—GROUNDS.

It is no ground for a motion to remand a cause to the state court that the petition for removal was not joined in by one of the defendants, who is merely a nominal defendant, against whom plaintiff seeks no relief, and who asks no relief against plaintiff.

2. SAME—JURISDICTIONAL AMOUNT.

The suit had been brought in the state court to recover $3,500. Plaintiff alleged as ground for his motion to remand that he had brought suit in the district court on the same cause of action to recover $4,500, but that defendants procured the dismissal of that suit on the ground that the amount actually due was less than $2,000, and that hence they were estopped from removing the present suit to the circuit court. *Held,* that, by suing to recover $3,500, plaintiff is estopped from raising any objection to the jurisdiction of the circuit court based on the amount claimed.

At Law. On motion to remand.

*C. C. Cobb,* for plaintiff.

*J. M. McCormick,* for defendants.

MCCORMICK, J. On July 26, 1888, the plaintiff instituted this suit in the state district court for Dallas county, claiming damages in the sum of just $2,000. After the time at which defendants were required to answer this petition by the rules of practice in said state court, and after defendants had answered the same, the plaintiff filed his amended petition, claiming damages in the sum of $3,500; and thereupon the defendants presented their petition and bond for removal of the case to this court, on the ground that there was involved in the controversy a federal question, stated in the petition for removal. On the 1st day of October, 1889, the state court accepted said bond, and ordered the removal of the cause to this court; and the transcript was filed in this court on the 21st day of October, 1889. The plaintiff now presents his motion to remand the cause on the following grounds, to-wit:

"*First.* It appears from the record herein that all the defendants did not join in the petition and bond for removal filed herein; the defendant S. C. Carroll not joining in the same. *Second.* The bond for removal herein is not payable to S. C. Carroll, the defendant not joining in the removal; and there is no removal bond herein payable to said S. C. Carroll. *Third.* The bond for removal is not conditioned as required by law, in that it fails to bind the petitioners for removal to appear and enter special bail in such suit, if special bail was originally requisite therein. *Fourth.* The petitioners for removal did not file a copy of the record, and enter their appearance in this court, on the first day of its next session held next after filing the petition and bond for removal in the state court, nor within twenty days after filing said petition and bond for removal in the state court. *Fifth.* It appears that the transcript from the district court of Dallas county is an incomplete record of the proceedings had in said district court, in that it does not contain a copy of the answer of S. C. Carroll, which was filed in said district court prior to the filing of the petition for removal therein. *Sixth.* As further cause for remanding, they show that on May 3, 1887, the plaintiff herein filed in the circuit court of the United States for the northern district of Texas, at Dallas, a suit against W. L. Cabell and others, the defendants, petitioners for re-

moval herein, on the same and identical cause of action herein declared on by plaintiff, in which he claimed $4,500 damages, and that the defendants, petitioners for removal herein, appeared in said cause in said United States court, and on June 2, 1888, filed therein a plea to the jurisdiction, in which they set out that the plaintiff therein had wrongfully alleged the value of his goods taken, and damages suffered, at an amount exceeding $2,000, for the, purpose of conferring jurisdiction upon said court, whereas in fact the value of his goods taken, and damages suffered, did not exceed $2,000, etc., and they prayed that his suit be dismissed for want of jurisdiction; that said plea to the jurisdiction was upon its merits submitted to a jury, who returned a verdict thereon in favor of the defendants petitioning for removal herein, and judgment was accordingly entered in said United States court in favor of the defendants therein, they being the identical defendants petitioning for removal herein, and against the plaintiff therein, he being the identical plaintiff herein, dismissing said cause, it being the identical cause herein sued on, from said United States court, for want of jurisdiction, and awarding costs against the plaintiff; that said judgment of dismissal was rendered on June 5, 1888, and still remains in full force and effect, in no wise reversed or made void, and this they are ready to verify by the said record. Wherefore, they say that it is *res adjudicata;* that the court has not jurisdiction to. hear and determine this cause; and that it should be remanded to the state court, whence it was removed. *Seventh.* As further ground for remanding this cause, they say that by reason of the acts of the defendants petitioning for removal herein, done as above set forth, in not permitting this cause to go to trial upon its merits in the said United States court at Dallas, when the same was before said court, as above set forth, but in interposing said plea to the jurisdiction, and prosecuting the same to final judgment in their favor, as above set forth, and thereby forcing plaintiff to file his suit in the state court, or else abandon his cause of action altogether, they are forever estopped and prevented from removing this cause to this court, and therefore it should be remanded."

The plaintiff asks no relief against the defendant Carroll; expressly so states that the plaintiff asks no relief as against said Carroll. He is clearly a purely nominal defendant. He asks no relief against the plaintiff, except to be let alone. By thus joining a nominal defendant who will not unite with the real defendants in an application to remove, the plaintiff cannot defeat the real defendants' right to remove. *Allen* v. *Miller*, 11 Ohio St. 374. This disposes of the first, second, third, and fifth grounds of the above motion.

As to the fourth ground, the facts are these: The first term of the circuit court for this district, after the order of removal was made, was held at Graham, in Young county. In this district there is only one clerk for the circuit court; but he has three deputies, who in point of fact reside and usually remain at the several points where the terms are held. Charles H. Lednum, Esq., is one of these deputies, and resides at Dallas, and the one who received the transcript in this case at Dallas on the 21st day of October, 1889, and placed the file mark on it on that date. The defendants, while insisting that placing the transcript in the hands of the clerk, at any of his offices or places for the proper custody of such papers, within the 20 days from the day of the order of removal, was a compliance with their duty, yet present as a reason for placing it in the hands of the clerk's deputy at Dallas, instead of at Graham, that

they were unable to get the transcript from the state court until the 21st day of October, the last day of the 20 days allowed when the next term occurs within less than 20 days from the making of the order of removal. From the record it appears that all the parties reside at Dallas. The attorneys also reside at Dallas. The matter is not jurisdictional. I do not think the fourth ground well taken.

As to the sixth and seventh grounds of the motion, the plaintiff, having sued the defendants for the sum of $3,500 in the state court, will not be heard in this court, on a motion to remand, to say that the amount involved is not sufficient to give this court jurisdiction. Whatever use the defendants may be able to make of the matters presented in these grounds of the motion, it is clear to my mind that the plaintiff is estopped by his subsequent institution of this suit for $3,500 in the state court from presenting these grounds for his motion to remand. The motion is refused.