CLARK et al. v. GUY.

In re COE'S ESTATE.

(Circuit Court, D. Connecticut. March 7, 1902.)

No. 976.

1. REMOVAL OF CAUSES—BOND.

A circuit court of the United States cannot entertain a cause on removal from a state court unless the removal bond required by statute has been duly executed by the principal and surety.

2. JURISDICTION OF FEDERAL COURTS—ADMINISTRATION OF ESTATE.

A federal court is without jurisdiction of proceedings for the administration of the estate of a deceased person, either original or by removal.[1]

On Petition for Order Removing Cause from State Court.

Judson S. Hall, for petitioners.

Clarence E. Bacon, for executrix.

TOWNSEND, District Judge. The petitioners herein allege that they are heirs at law of Sanford Coe, late of Middletown, in the district of Connecticut; that the said Coe was an aged and decrepit person, and that, through undue influence of one Amy Ann Guy, and without the knowledge of the petitioners, the said Coe was induced to make a certain will in favor of the persons who exercised such undue influence; that the beneficiaries under said will have sold certain of the property formerly belonging to said testator, and threaten to dispossess one of the petitioners of her homestead; and that the beneficiary Mary J. Hollister has unsuccessfully applied for relief to the probate court for the district of Middletown. The petitioners therefore petition for removal to the circuit court of the United States for the district of Connecticut, for the purpose of having their property rights protected and adjusted. The petitioners allege that the suit in which the above relief is sought is pending in the probate court, and they petition for removal thereof, under section 639, Rev. St. U. S., because they believe that, from prejudice or local influence, they will be unable to obtain justice in such state court. Counsel for the petitioners alleges that, acting under the advice of the United States circuit court, and of the clerk of said court, he filed an application for a trial of said case. Thereafter the case was set down for hearing on the 11th day of October, 1898, before me, and the petitioner was heard thereon. Thereafter, upon examination of the papers, the petition was denied. Counsel for the petitioners, however, having alleged that I had agreed to defer the decision until further notice to him and an opportunity for further hearing, the order was set aside, and the case has again been heard upon argument of counsel and a brief submitted by counsel for the petitioners. The petitioners allege that they are aggrieved because:

"First. Said probate court did not have power to hear and determine whether the residue of said estate was testate or intestate estate. nor was said question properly before said court. Second. That if said question was

1 See Courts, vol. 13, Cent. Dig. § 792 [c, v, x, zz], § 1325 [a–e], § 1410 [a, b].

properly before said court for determination, it should have held that said residue was intestate estate, and as such intestate estate said court should have ordered its distribution to the heirs of said Sanford Coe, of whom said Fred. C. Clark was one. Third. Because said court did not have power to construe said will. Fourth. That if said court has power to construe said will, such power could be exercised only for the purpose of determining whether the claim of the heirs was reasonable, and made in good faith, and in a proceeding had for that purpose. Fifth. Because the heirs and distributees of said Sanford Coe were persons other than Maria J. Hull, executrix of the will of Andrew R. Hull, deceased, and the person to whom the court ordered the intestate estate distributed. Sixth. Because the estate of Sanford Coe, deceased, was not pending for settlement in the orderly and prescribed way for the settlement of estates. Seventh. Because Sanford Coe died leaving real and personal property, intestate, and more than one heir to said real and personal property undisposed of by a will of which he had disposed of certain of his property, and the said court, in proceeding to distribute the same to persons other than the heirs and distributees of the said Sanford Coe, in the proper and prescribed way, acted beyond its jurisdiction. Eighth. Because said will did not leave the testate estate indefinite, and necessary to be defined, so far as the heirs and distributees therein mentioned were concerned in the action of said court in proceedings to ascertain the heirs and distributees of the intestate estate, and in ascertaining the heirs and distributees of the aforesaid, and in ordering the distribution of all said estate, was acting beyond the power of said court. Ninth. Because the matter in dispute, exclusive of costs, exceeds the sum or value of five thousand dollars."

Therefore the petitioner appeals from the judgment of the probate court, and asks that the orders of said court be set aside, and that this court should order a decree distributing the estate to such heirs as may be found to be entitled to receive the same.

It is unnecessary to consider the various contentions of counsel herein, because an inspection of the record shows that a bond for removal was not signed either by the principal or the surety therein. The only signature of either of these persons is that of the surety, appended to his affidavit that he is worth the sum of $500 over and above his debts and liabilities. In view of the insufficiency of said bond, and in view of the statutory requirements therein, I do not see how it is possible for me to entertain this case upon the merits.

There is, however, a further objection to this petition. The courts of this state have repeatedly decided that the settlement of the estates of deceased persons is within the sole jurisdiction of the probate courts. Pitkin v. Pitkin, 7 Conn. 315; Beach v. Norton, 9 Conn. 182; Prindle v. Holcomb, 45 Conn. 111, 122; Clement v. Brainard, 46 Conn. 174; Clement's Appeal, 49 Conn. 519; Guthrie v. Wheeler, 51 Conn. 207, 211. This conclusion is supported by the case of Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867, where the supreme court formulated the doctrine laid down in the Connecticut cases cited above:

"If original jurisdiction of the administration of the estates of deceased persons were in the federal court, it might, by instituting such an administration and taking possession of the estate, through an administrator appointed by it, draw to itself all controversies affecting that estate, irrespective of the citizenship of the respective parties. But it has no original jurisdiction in respect to the administration of a deceased person."

The petition is denied.