## ALEXANDRIA NAT. BANK v. WILLIS C. BATES CO.

(Circuit Court of Appeals, Fourth Circuit.  February 7, 1908.)

### No. 743.

1. REMOVAL OF CAUSES—GROUND OF REMOVAL—PETITION.

In a petition for removal, the plaintiff in the title of the cause was designated as a national bank, but there was nothing in the petition by way of averment to show that it was organized and incorporated as a national bank pursuant to the laws of the United States, and the only allegation of citizenship was that the plaintiff, at the commencement of the suit, was and still is a corporation engaged in the banking business in the city and county of Alexandria and state of Virginia.  *Held*, that the petition was fatally defective for failure to aver plaintiff's citizenship, as the title of the cause could not be treated as an averment of the petition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 171.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. SAME—BOND.

Under Removal Act, March 3, 1875, c. 137, § 3, 18 Stat. 470, as amended by Act August 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 510], requiring a petition and bond for the removal of a cause to a federal court, a bond capable of being enforced in case of the default of the party executing it is a prerequisite to removal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 184, 185.]

3. SAME—EXECUTION—CORPORATE OFFICERS.

Where a removal bond was signed "Willis C. Bates Company, by Willis C. Bates, Treasurer," but it did not appear that Willis C. Bates as treasurer had any authority to execute the bond, and the corporate seal was not attached, and it was not shown that the person signing the bond had authority to attach the seal, the bond was void.

4. SAME—NAME OF PARTY.

An action was brought against the Willis C. Bates Company, a corporation, whereupon a removal bond was filed reciting "that the Willis C. Bates & Co., undertake," etc., and described the suit as one pending "wherein the Alexandria National Bank is plaintiff and said Willis C. Bates is defendant."  *Held*, that the bond was void for failure to properly describe the action.

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

Howard W. Smith and C. C. Carlin, for plaintiff in error.

Clayton E. Emig (Arthur P. French, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

PRITCHARD, Circuit Judge. Plaintiff in error on the 29th of June, 1905, sued out an attachment in the circuit court of Fauquier county, Va., in pursuance of the Virginia statute, against the defendant in error to recover of the defendant the sum of $2,752, with interest from the 1st day of June, 1905, and cost. In this proceeding certain property consisting of lumber, ties, etc., was attached. Shortly thereafter a petition was filed in the circuit court of Fauquier county requesting said court to remove the cause to the United States Circuit Court for the Eastern District of Virginia. On the 25th of September an order was entered by the judge of the circuit court of Fauquier county referring the said cause to the corporation court of the said Alexandria City, Va., for the purpose of having the motion for removal determined. This motion was heard in the corporation court of Alexandria and denied, for the reasons set forth in the following order of the court:

"This cause coming on again to be heard upon the petition of the Willis C. Bates Company to remove the same to the United States Circuit Court for the reasons therein set forth, and being argued by counsel, and the court being of opinion that the paper filed in this cause, purporting to be a bond, is not a bond, the court doth therefore find that the said paper is not a bond, and, without further passing upon the matters and questions raised, the court doth retain the cause upon its docket in order to give opportunity to the petitioner to take such further proceedings as he may be advised. And the petitioner asked leave to amend said paper purporting to be a bond, but the court declined to permit any amendment, to which ruling of the court the petitioner excepted."

Whereupon the defendant in error procured from the clerk of the corporation court of Alexandria City a transcript of the record, and filed the same in the United States Circuit Court for the Eastern District of Virginia on December 28, 1905. On the 5th day of July, 1906, the plaintiff in error filed its motion in the United States Circuit Court as aforesaid to remand the cause to the corporation court for Alexandria City, Va., on the ground that:

"This court is without jurisdiction to hear and determine the cause."

This motion was overruled, and an exception to the ruling of the court was taken by the plaintiff in error. The cause came on for hearing on its merits the 11th of January, 1907, and a jury was duly impaneled. The defendant in error pleaded non assumpsit.

The defendant in error moved the court to instruct the jury to return a verdict in its favor, which motion, after argument of counsel, was granted and the jury was so instructed. The following allegation contained in the petition is the only reference upon which defendant in error relies to sustain his contention that there is a proper averment as to citizenship. The allegation in question is as follows:

"The said suit is a controversy between the plaintiff, which, at the time of the commencement of the said suit, was, and still is, a corporation engaged in the banking business in the city and county of Alexandria, and state of Virginia."

While the title of this cause shows that the plaintiff below is designated as a national bank, nevertheless there is nothing in the petition by way of averment to show that it was organized and incorporated as

a national bank in pursuance of the laws of the United States, nor does it appear that it is a citizen of the State of Virginia.

It is contended by the defendant in error that, inasmuch as the law provides that a national bank shall be a citizen of the state where it does business, such provision obviates the necessity of an averment to that effect, it being alleged that it is a corporation engaged in business in the state of Virginia. This provision of the law does not warrant the inference that the plaintiff in error is a citizen of the state of Virginia in the absence of an averment to that effect. It has been repeatedly held that the title of a cause cannot be treated as an averment or allegation in a petition or bill. The only averment contained in the petition as to the citizenship of the plaintiff in error is that it is a corporation doing business in the city of Alexandria, in the state of Virginia.

In the case of Grace v. American Central Ins. Co., 109 U. S. 283, 3 Sup. Ct. 210, 27 L. Ed. 932, the Supreme Court, in discussing this phase of the question, and in referring to the case of Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057, says:

"In the last case it is said that, 'Where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record.' Railway Co. v. Ramsay, 22 Wall. 322, 22 L. Ed. 823; Briges v. Sperry, 95 U. S. 401, 24 L. Ed. 390. In Brown v. Keene, 8 Pet. 112, 8 L. Ed. 885, it is declared not to be sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings; that the averments should be positive."

Section 3, Act March 3, 1875, c. 137, 18 Stat. 470, as amended by section 1, c. 866, of the act approved August 13, 1888, 25 Stat. 433 [U. S. Comp. St. 1901, p. 510], requires that, when a petition is filed to remove a case from a state to a federal court, the petitioner shall "make and file therewith a bond, with good and sufficient surety for his or their entering in such circuit court on the first day of its then, next, session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein." This statute requires that a bond shall be filed as a prerequisite to the removal of a cause. In other words, it is just as essential that a bond should accompany the petition and be filed with it as it is that the petition should be filed in order to entitle the petitioner to have the cause removed.

The state court in refusing to grant the removal of this case from that court held that the paper writing purporting to be a bond was not the kind of a bond required by the statute. In other words, that it was not a valid bond. When a bond is required to be filed, it necessarily follows that it must be a paper writing capable of being enforced in the event that there should be default on the part of the party executing the same. In the first place, while the bond in question is signed "Willis C. Bates Company, by Willis C. Bates, Treasurer," it does not appear that Willis C. Bates as treasurer had any authority to execute the same, nor was the seal of the corporation attached to the bond, or that

the party signing the same had authority to attach the seal of the corporation.

In Lyle's Notes on Private Corporations, p. 78, the author, says:

"It does not follow that an instrument made by a corporation is a sealed instrument from the mere circumstance that it has a corporate seal attached. It must further appear from the paper itself or other evidence aliunde that the seal was affixed by a duly authorized person, and with the purpose of making it a sealed instrument."

It appears from an inspection of the bond that it is not the bond of the Willis C. Bates Company. While the Willis C. Bates Company is the corporate name of the defendant below, yet the bond recites that "We, the Willis C. Bates and Company undertake," etc. Therefore, this cannot be construed to be the bond of the parties seeking to remove the case. It also appears that the bond which describes the suit that is pending in the state court uses the following language:

"Whereas, * * * therein pending wherein the Alexandria National Bank is plaintiff and the said Willis C. Bates is defendant."

Thus it appears that the condition of the bond is made dependent upon the removal of a suit which did not exist at the time the bond was executed.

We are of opinion that the paper purporting to be a bond was not a valid bond. The fatal defects contained therein are of such a character as to render it absolutely worthless for the purpose for which it was executed.

For the reasons hereinbefore stated, we are of opinion that the Circuit Court was without jurisdiction and that the court below erred in refusing to remand the cause to the state court. The judgment of the Circuit Court is therefore reversed, and the cause remanded to that court with instructions to remand it to the state court.

Reversed.