### KYLE v. CHICAGO, R. I. & P. RY. CO. (two cases).

(Circuit Court, W. D. Arkansas, Ft. Smith Division. October 29, 1909.)

1. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—RECORD TO BE CONSIDERED.

   On a motion to remand, the whole record as filed in the federal court is to be taken into consideration.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 227, 228; Dec. Dig. § 107.*]

2. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—AMENDMENT OF PETITION.

   Where the complaint in an action in a state court against a railroad company alleges the citizenship of plaintiff, and that defendant does, and did when the cause of action arose, operate a certain railroad, and a petition for removal by defendant alleges that it is a citizen of another state, it is a reasonable inference that it was such when the action was

---

commenced, and the court may properly allow an amendment specifically stating such fact.

[Ed. Note.—For other cases, see Removal of Causes, Cent Dig. § 229; Dec. Dig. § 107.*]

At Law. Actions by G. B. Kyle and E. P. Kyle against the Chicago, Rock Island & Pacific Railway Company. On motions to remand to state court. Motions denied.

Oscar L. Miles, for plaintiff.
Geo. B. Pugh, for defendant.

ROGERS, District Judge. These two cases are in this court on removal from the state circuit court of Logan county, Ark., and in both cases a motion is made to remand. No reason for remanding the cases is pointed out in the motions. The only reason urged at the hearing is that this court is without jurisdiction because it does not appear that at the institution of the suit the parties were citizens of different states.

In determining this question, the whole record, as it was filed in this court, should be considered. Donovan v. Wells-Fargo Express Company, 169 Fed. 363, decided by the Eighth Circuit Court of Appeals. In that case Judge Adams, delivering the opinion, said:

"In the light of the foregoing summary of principles which must control a determination of the present case, attention will now be given to the petition for removal in order to see whether it, taken in connection with the full record, disclosed on its face that the express company had the right of removal. If it did, the state court thereby lost jurisdiction of the cause, and its threatened exercise of it was an interference with the jurisdiction acquired by the Circuit Court to which the removal was taken, and, for reasons hereinafter stated, must be enjoined."

Looking at the record in this case, we find that the complaint alleges:

"That he (plaintiff) is a citizen and resident of the town of Magazine, in the county of Logan and in the state of Arkansas; that the Chicago, Rock Island & Pacific Railroad is a railroad corporation engaged in the business of a common carrier of freight and passengers for hire, and was so engaged on the day hereinafter set forth."

The date referred to, which is the date the negligence complained of is alleged to have occurred, was the 26th of June, 1908, and the complaint itself was filed in the Logan circuit court on the 11th of March, 1909. The allegations in both complaints are the same in substance and effect, and the damages laid in each complaint is $10,000. The defendant, in apt time, filed its petition for removal, and gave the bonds required by the statute. In the application for removal it is alleged that the amount involved exceeds, exclusive of costs and interest, the sum of $2,000; that the suit is of a civil nature; that the suit is between citizens and residents of different states, in this, to wit, that plaintiff is a citizen and resident of Arkansas, and of the Ft. Smith division of the western district thereof, and that the defendant is a corporation organized and incorporated under the laws of the states of Illinois and Iowa, with its residence and principal place of business therein.

An analysis of this case shows conclusively that the plaintiff, at the time of the institution of the suit, was a citizen of the Ft. Smith division of the western district of Arkansas, that the amount in controversy was over $2,000, and that the defendant is a corporation of the states of Iowa and Illinois; but it does not show specifically that, at the institution of the suit, the defendant company was a citizen of the states of Iowa and Illinois. The Supreme Court of the United States in the case of Kinney v. Columbia Savings, etc., Association, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, approved the cases of Gibson v. Bruce, 108 U. S. 571, 2 Sup. Ct. 873, 27 L. Ed. 825; Akers v. Akers, 117 U. S. 197, 6 Sup. Ct. 669, 29 L. Ed. 888; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518, 32 L. Ed. 914, in which it was held:

"Petitions and bonds for removal are in the nature of process. Where a petition for removal otherwise sufficient contains a general averment of diverse citizenship, with a specific and full averment of defendant's citizenship, and the requisite diverse citizenship of the plaintiff may also reasonably be inferred from the record, the Circuit Court has power, before any action has been had on the merits in the federal courts or any steps taken in the state courts after the removal, to permit the petition to be amended by the addition of specific and complete averments of the citizenship of the plaintiff."

The principles there stated cover this case. In that case the plaintiff's citizenship could reasonably be inferred from the record, and the defendant's citizenship was accurately stated. In this case the plaintiff's citizenship is accurately stated, but the defendant's citizenship may also be reasonably inferred, and that is the only difference. The principle is precisely the same. The reason why the Circuit Court of the United States may in such a case permit the record to be amended by stating specifically the diverse citizenship of the party is admirably stated by Mr. Justice Brewer, beginning at page 82 of 191 U. S., page 32 of 24 Sup. Ct. (48 L. Ed. 103), of that decision. The same doctrine is held in Thompson et al. v. Stalmann et al. (C. C.) 131 Fed. 809, and Kerr v. Modern Woodmen of America, 117 Fed. 593, 54 C. C. A. 655, decided by the Eighth Circuit Court of Appeals. When the motion in this case to remand was presented, counsel for defendant asked leave to amend his petition by stating that at the commencement of the suit and at the time the petition was filed the defendant was a resident and citizen of the states of Illinois and Iowa. With that amendment made, the requirements of the statute for the removal of a case is complete.

The amendment will therefore be allowed, and the motion to remand overruled.