MISSOURI, K. & T. RY. CO. v. CHAPPELL et al.

CHAPPELL v. MISSOURI, K. & T. RY. CO.

(District Court, W. D. Oklahoma.   February 28, 1913.)

Nos. 1,084 and 1,074.

1. REMOVAL OF CAUSES (§ 95*) — PROCEEDINGS — REMOVAL EFFECTED — JURIS-
DICTION.
On filing a petition for removal in due form with a proper bond, the
case is in law removed, and the state court loses jurisdiction, and all
subsequent proceedings therein are void.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 204,
205; Dec. Dig. § 95.*]

2. COURTS (§ 508*)—INJUNCTION AGAINST PROCEEDING—REMOVAL OF CAUSE—
PROCEEDINGS IN STATE COURT.
After presentation of a sufficient petition and bond for the removal of
a cause to a federal court, it is competent for the District Court by an
ancillary suit, without violating Rev. St. § 720 (U. S. Comp. St. 1901, p.
581), forbidding a federal court from enjoining proceedings in a state
court, to restrain the party against whom the cause has been removed
from taking further steps in the state court.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–
1430; Dec. Dig. § 508.*]

3. REMOVAL OF CAUSES (§ 94*)—JURISDICTION—DUTY OF STATE COURT TO SUR-
RENDER.
· If on the face of the record, including the petition for removal of a
cause, the suit does not appear to be a removable one, the state court is
not bound to surrender jurisdiction, but may proceed as if no applica-
tion for removal had been made.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178,
203; Dec. Dig. § 94.*]

4. REMOVAL OF CAUSES (§ 94*)—ACTION IMPROPERLY REMOVED—EFFECT.
·Where a suit entered on the docket of a federal District Court as re-
moved was never in law removed from the state court, no amendment
made in the federal court could affect the state court's jurisdiction, or
put the case rightfully on the docket of the federal court, and no amend-
ment could be made there to show that the case was removable.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178,
203; Dec. Dig. § 94.*]

5. REMOVAL OF CAUSES (§ 94*)—RECORD—AMENDMENT IN FEDERAL COURT.
Where sufficient grounds for removal of a cause are shown on the
record as presented to the state court, including the petition for removal,
the petition may be amended in the federal court, so as to show more
fully and distinctly the facts supporting the grounds alleged.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178,
203; Dec. Dig. § 94.*]

6. REMOVAL OF CAUSES (§ 17*)—RIGHT TO REMOVE—WAIVER—DEFENSES IN
STATE COURT.
There is no waiver of a right to remove a cause to the federal court
by defendant's making a defense in the state court, after that court, over
defendant's objection, has declined to surrender jurisdiction.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 10;
Dec. Dig. § 17.*]

7. REMOVAL OF CAUSES (§ 89*)—RIGHT TO REMOVE—DETERMINATION—RECORD.
In determining whether a case is presented for removal to the federal

court, it is the duty of the state court to examine, not only the petition for removal, but the rest of the record.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 165, 189, 192–195, 197, 200, 201; Dec. Dig. § 89.*]

**8.** COURTS (§ 326*) — FEDERAL COURTS — JURISDICTION — ANCILLARY SUIT — AMOUNT IN CONTROVERSY.

In a suit in equity to restrain the further prosecution of an action claimed to have been removed to the federal court, the relief claimed being purely ancillary, to wit, the protection of the jurisdiction of the federal court over the suit alleged to have been removed, the amount in controversy is not a jurisdictional element.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 888; Dec. Dig. § 326.*]

**9.** COURTS (§ 508*)—REMOVAL OF CAUSE—PROSECUTON OF FURTHER PROCEEDINGS IN STATE COURT—ADEQUATE REMEDY AT LAW.

A suit to restrain further prosecution of an action at law in the state court, alleged to have been lawfully removed to the federal court, is not objectionable on the ground that complainant had an adequate remedy at law in the state court, by moving to set aside the order of the state court denying the petition to remove, and appealing to the Supreme Court of the state from an adverse ruling thereon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1423, 1425–1430; Dec. Dig. § 508.*]

**10.** REMOVAL OF CAUSES (§ 86*)—PETITION TO REMOVE—DIVERSE CITIZENSHIP —ALLEGATION.

Where a petition for the removal of a cause alleged that in such cause there was a controversy between the plaintiff, who, "as appears from her petition," at the commencement of the suit was and ever since has been and now is a citizen and resident of the Western district of Oklahoma, and defendant, who is a citizen and resident of another state, to wit, a corporation organized and existing under and by virtue of the laws of Kansas, it was not fatally defective, on the theory that it merely alleged plaintiff's citizenship by reference to the petition, and not as a fact.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 162, 166–179; Dec. Dig. § 86.*]

**11.** REMOVAL OF CAUSES (§ 94*)—PETITION TO REMOVE—AMENDMENT.

A petition to remove may be amended to supply facts to make clear an averment already present, not amounting to supplying a necessary jurisdictional averment, though the state court, ignoring the petition for removal as originally filed, has proceeded to final judgment.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 203; Dec. Dig. § 94.*]

**12.** COURTS (§ 327*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—STATUTORY PROVISIONS.

Judicial Code (Act March 3, 1911, c. 231) § 291, 36 Stat. 1167 (U. S. Comp. St. Supp. 1911, p. 243), provides that whenever, in any law not embraced within the act, any reference is made to, or any power or duty is conferred or imposed on, the Circuit Court, such reference on the taking effect of this act shall be deemed and held to refer to and confer such power and impose such duty on the District Court. Section 299 declares that the repeal of existing laws, or amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, etc., but all such suits, etc., for causes arising or acts done prior to such date (January 1, 1912), may be commenced and prosecuted within the same time and with the same effect as if said repeal or amendments had not been made. *Held* that, where an action for wrongful act accrued against a railroad company prior to January 1, 1912, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

206 F.—44

prior law, creating federal jurisdiction of actions involving $2,000 exclusive of interest and costs, applied, though no action was brought until after the Judicial Code took effect.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 889; Dec. Dig. § 327.*]

13. REMOVAL OF CAUSES (§ 88*)—BOND.

The form of a bond, however. required to accompany a petition to remove, was governed by the Judicial Code, declaring that the bond shall be conditioned for the entering of a certain copy on the record in the federal court within 30 days of the filing of the petition to remove, and a bond conditioned under the old law for the filing of such copy of the record by the first day of the following term was insufficient.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 184–188; Dec. Dig. § 88.*]

In Equity. Suit by the Missouri, Kansas & Texas Railway Company against Laura Chappell and others to restrain defendants from further prosecuting a suit in the state court in which the parties were reversed. On demurrer to complaint. Sustained.

At Law. Action by Laura Chappell against the Missouri, Kansas & Texas Railway Company, removed from the state court. On motions to amend a petition for removal. Case remanded to state court.

Clifford L. Jackson and M. D. Green, both of Muskogee, Okl., C. G. Hornor, of Guthrie, Okl., and John E. Du Mars, of Oklahoma City, Okl., for plaintiff.

A. N. Munden and S. A. Horton, both of Oklahoma City, Okl., and Milton Brown, of Guthrie, Okl., for defendants.

POPE, District Judge. The facts in the case are as follows:

Laura Chappell, the plaintiff in case 1,074, on August 9, 1912, filed her petition against the Missouri, Kansas & Texas Railway Company in the district court of Oklahoma county, state of Oklahoma, alleging, among other things, "that she is a resident of Oklahoma county, state of Oklahoma." The pleadings show that on October 22, 1911, she purchased a first-class ticket over defendant's line from Guthrie, Okl., to Oklahoma City, Okl. She was accompanied by five children, as to two of whom the conductor demanded the payment of fare. Plaintiff offered to pay for one of these as being the only one over five years of age, but the conductor refused to accept passage for the party upon such terms, and ordered her off the train at a station called Fallas. It is claimed that no one offered to help her off the train, and that in alighting she sprained her ankle, misplacing the socket in some way, and that, being a stranger in the place, she found difficulty in securing accommodations, and was obliged to go a distance of more than a mile to secure shelter for the night for herself and her children, and was obliged to make a similar trip the next morning to the depot, from which fact and by reason of the inclemency of the weather she was subjected to exposure and contracted cold, and one of the children pneumonia. Upon returning to the train the following morning she was given passage upon the same terms which, it is alleged, were declined the day before. The allegation is that the conduct of so much

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r.Indexes

of the train crew as participated in the matter was willful, malicious, and reckless. There is an allegation that she was caused humiliation, pain, and suffering, and permanent injury, by reason of the facts above set forth.

The original petition as filed claimed $1,900 actual damage and $1,000 exemplary damages, and thus a total of $2,900, for which judgment was asked. The summons issued on August 9, 1912, requiring the defendant company to answer on or before September 10, 1912. Service was made on August 12, 1912, and the summons returned served August 14, 1912. On September 9, 1912, and thus within the time provided for answer, the defendant company filed with the clerk of said court its petition for removal, together with a bond. The bond bears an endorsement of approval by the clerk on September 9, 1912, the same day upon which it was filed. On September 7, 1912, a copy of the petition for removal was served on plaintiff's counsel, together with a notice that it would be presented to the state court on September 9, 1912. It is alleged that the petition was presented on the date just named to the state judge, and taken under advisement by him until September 26, 1912. On September 26, 1912, plaintiff presented to the state judge a motion to reduce the claim to $1,950 by interlineation. This motion was sustained by the court over the defendant's exception, and the petition amended so that the actual damages claimed were in the sum of $1,500, and the exemplary damages in the sum of $450, making the total of $1,950, above stated. Thereupon, and on the same day, September 26, 1912, the petition for removal was taken up by the court and denied over defendant's exception. On September 27, 1912, the case was further called by the state court, and the defendant adjudged in default. On October 1, 1912, the defendant filed in this court a transcript of the proceedings in the state court. On October 12, 1912, the defendant appeared in the state court under protest and asked for an order setting aside the default, which motion was on the same day denied.

Thereupon, on October 19, 1912, defendant brought its bill in equity in this court, being No. 1,084, alleging that plaintiff was threatening to proceed with the case in the state court, to restrain the plaintiff, Chappell, and her counsel, and the sheriff of Oklahoma county, state of Oklahoma, from proceeding further under case No. 1,074, being case No. 12,520 in the state court. Case No. 1,084 is pending at the present time upon demurrer, and case 1,074 upon certain motions to amend the petition for removal, to be presently considered.

It is definitely settled by decisions of the Supreme Court of the United States in a long line of cases—latest of which is Madison Traction Company v. St. Bernard Mining Co., 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462, and among the clearest of which are Railroad v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159, Cameron v. Hodges, 127 U. S. 322, 8 Sup. Ct. 1154, 32 L. Ed. 132, Crehore v. Railway Co., 131 U. S: 240, 9 Sup. Ct. 692, 33 L. Ed. 144, and Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673—as follows:

[1] (1) That upon the filing of a petition for removal in due time, with a proper bond, the case is in law removed, and the state court in which it is pending loses jurisdiction to proceed further, and all subsequent proceedings in that court will be void.

[2] (2) After presentation of a sufficient petition and bond, it is competent for the District Court, by a procedure ancillary in its nature—without violating Revised Statutes, § 720 (U. S. Comp. St. 1901, p. 581), forbidding a federal court from enjoining proceedings in a state court—to restrain the party against whom a cause has been legally removed from taking further steps in the state court.

[3] (3) If upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made.

[4] (4) If a suit entered upon the docket of a District Court as removed was never in law removed from the state court, no amendment of the record made in the federal court can affect the jurisdiction of the state court, or put the case rightfully on the docket of the federal court, and no amendment can be made in the federal court to show that the case was a proper one to have been removed.

[5] (5) If, however, sufficient grounds for removal are shown on the record as presented to the state court, including the petition for removal, the latter may be amended in the federal court by showing more fully and distinctly the facts which support those grounds.

[6] (6) There is no waiver of the right to removal by defendants making their defense in the state court, after that court has, over defendant's objection, declined to surrender jurisdiction in the case.

[7] (7) In determining whether there is a case for removal, it is the duty of the state court to examine, not only the petition for removal, but the rest of the record.

Bearing these rules in mind, we come to the grounds of demurrer urged against the bill to restrain further proceedings in the state court. It is urged first against this injunction suit that it is in effect a suit to restrain proceedings in a state court, and thus precluded by Revised Statutes, § 720, forbidding a federal court from enjoining proceedings in a state court. Paragraph (2) above, however, is conclusive as against this contention. See, also, Donovan v. Wells, Fargo & Co., 169 Fed. 363, 94 C. C. A. 609, 22 L. R. A. (N. S.) 1250.

[8] It is further contended that this suit may not be maintained because the amount involved is less than $3,000, the sum fixed by the Judicial Code as the minimum for jurisdictional purposes in cases of this character in this court. This contention would, of course, be forceful, were this an original and independent suit. Its functions, however, are purely ancillary, to wit, the protection of the jurisdiction of this court over the suit at law which the railroad company is attempting to remove into this court. Under such circumstances the amount is not controlling of the jurisdiction. If, as we shall presently consider, the suit sought to be removed involved the necessary jurisdictional sum, the present suit in aid of the other is maintainable, notwithstanding the fact that at the date of its filing the jurisdictional

amount had been advanced to $3,000. The measure of the matter goes back to the original right; and if, under the law to be presently considered, that right is within the jurisdiction of this court upon removal, the present case, as ancillary thereto, is likewise within the jurisdiction of the court. In such auxiliary proceedings it has been held from a very early date that diversity of citizenship was not material. Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Dunlap v. Stetson, 4 Mason, 349, Fed. Cas. No. 4,164. For similar reasons such a suit may be maintained without reference to the amount involved. White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67; Brown v. Morgan (C. C.) 163 Fed. 395.

[9] There is also the contention that a sufficient remedy is afforded the railroad company by proceedings at law in the state court, to wit, by the motion to vacate filed by it, from the adverse ruling on which it has the right of appeal to the Supreme Court of the state. It is clear, however, upon the authorities above cited, that this is no answer to complainant's bill. It is a well-recognized rule, as we have seen, that litigants in the federal court are not relegated to the state tribunals for the assertion of a right to prosecute their suits upon removal to the federal court, but may, by the proper bill, enjoin litigants in such court from proceeding where a cause has been properly removed. The authorities above cited also dispose of the suggestion that the railroad company's motion to vacate the default judgment in the state court was a waiver of this right of removal.

The case therefore turns, after all, upon whether or not there was filed in the state court on September 9, 1912, the proper petition for removal and bond. If these were in due form, the power of the state court ceased, its further proceedings in the case were of no effect, and a bill to restrain the plaintiff in that case from prosecuting it further is well brought. This brings us to the reasons which it is claimed caused the state court to proceed further with the cause, notwithstanding the previous filing of the petition and bond for removal. It was asserted upon the argument, and is now reasserted as a ground for this demurrer, that the state court declined to entertain the removal proceedings for the reasons, first, that the petition for removal was not in due form; second, because the necessary jurisdictional amount was not involved; and, third, because the bond tendered was not conditioned as required by law.

If these positions taken by the state court were proper, then, of course, that court was justified in not surrendering jurisdiction, and the present suit to enjoin those proceedings may not be maintained. This involves the consideration of the several criticisms upon the removal proceedings.

[10] It is urged that the petition for removal does not contain a sufficient averment of diverse citizenship. The petition in this respect is as follows (italics ours):

"Your petitioner further states that in said cause there is a controversy between the plaintiff, Laura Chappell, who, *as appears from her petition*, at the time of the commencement of said suit was, and ever since has been, and now is, a citizen and resident of the Western district of the state of Oklahoma, and this defendant, who is a citizen and resident of another state, as fol-

lows, to wit: · At the time of the filing or institution of this suit, and ever since, the defendant, Missouri, Kansas & Texas Railway Company, was and is a corporation organized and existing under and by virtue of the laws of the state of Kansas, and that there are no other parties to this suit."

It is contended that this averment is insufficient, in that it does not allege any facts, but states the mere allegation that the petition showed certain facts. This view of the petition, however, seems too restricted. It is, in my judgment, a clear allegation of the citizenship of the respective parties. True, there is the expression "as appears from her petition," and true, a reference to the petition simply shows an allegation of residence at the date the petition was originally filed in the state court. The reference to the petition, therefore, is to that extent in support of the petition for removal. · That it does not fully sustain it does not detract from the direct assertion of the petition for removal as to the citizenship of plaintiff. The reference to plaintiff's petition is purely parenthetical, and does not destroy the legal effect of the rest of the pleading. If, however, it leads to some obscurity in the latter, it is a matter that may be corrected by amendment.

[11] The tendency of recent decisions of the Supreme Court has been towards liberality in this direction, and where the amendment does not supply the necessary jurisdictional averment, but simply goes to make clear such averment already present, the amendment will be entertained in the federal court; and this notwithstanding the fact that the state court, ignoring the petition for removal thus framed, has proceeded even to final judgment. Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. There is no legal obstacle, therefore, to entertaining the motion of the railroad company made in the case sought to be removed, No. 1,074, to amend its petition for removal by striking out the words "as appears from her petition." Kinney v. Columbia Savings & Loan Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, and cases cited.

[12] It is further stated that the petition for removal is defective, in that, assuming $2,000 to be the sufficient jurisdictional amount, in the event that the cause of action arose prior to January 1, 1912—a matter to be hereinafter considered—there is no allegation in the petition for removal alleging that the cause of action did arise prior to the date last named. While it is true that this is not specifically stated in the petition for removal, yet it appears from plaintiff's complaint, which, as above noted, declares that the action arose by reason of certain wrongful acts of the defendant company on October 22, 1911. The matter of removal is to be determined, not by the petition therefor alone, but also by the rest of the record. Gillespie v. Pocahontas Co. (C. C.) 162 Fed. 742; Kyle v. Chicago, etc., Ry. Co. (C. C.) 173 Fed. 238. This is not denied as having been the law prior to the Judicial Code, which went into effect January 1, 1912; but it is claimed that under section 28 of the Code there is a requirement not previously existing that the petition for removal shall be "duly verified." It is argued that, since the petition must now be under oath, it cannot be aided by the rest of the record, which is not under oath.

I do not concur in this view. Even assuming the Judicial Code to be

applicable to causes arising prior to January 1, 1912, in the matter of the form of the petition for removal, still, so applied, the new require‑ ment of verification does not dispense with the rule settled by contin‑ uous decisions of the Supreme Court of the United States, some of which are above cited, to the effect that in aid of the petition for re‑ moval the rest of the record may be consulted. This rule proceeds upon the idea that whatever in the record estops the party seeking to remand from claiming the contrary is equally reliable upon the ques‑ tion of removal as the petition for removal itself. Carr v. Fife, 156 U. S. 494, 15 Sup. Ct. 427, 39 L. Ed. 508. Applying this to the pres‑ ent case, certainly the recitals in the complaint filed by the plaintiff Chappell are as strong evidence against her on the question of removal as if such recitals had been embodied under oath in defendant's peti‑ tion for removal. Since plaintiff's complaint sets forth that the cause of action arose prior to January 1, 1912, and since this complaint is a part of the record upon which the state court proceeded, it follows that that jurisdictional fact was sufficiently established for purposes connected with the removal, notwithstanding the petition for removal did not contain it. The motion of the defendant railroad company to amend its petition for removal by setting up this averment omitted from the petition would, therefore, while unnecessary, seem to be al‑ lowable, since the most that could be claimed on the subject of its be‑ ing necessary is that it would not import a jurisdictional fact into the record, but simply make perfectly clear what, to say the most, is not fully stated already.

It is said, however, that the record as presented to the state court did not justify removal, for the reason that, even assuming $2,000 to be a sufficient jurisdictional amount by reason of the cause of action having arisen prior to January 1, 1912, the record fails to show $2,000 involved. There is a direct averment in the petition for removal that more than $2,000 is involved, but it is claimed that this is overcome by an examination of plaintiff's complaint itself. An examination of plaintiff's complaint in its original form, it is said, does not show a suit for over $2,000 for the reason that the $1,000 mentioned as ex‑ emplary damages is, it is urged, set forth only in the prayer to the complaint, and, the prayer being no part of the complaint, the latter must be viewed as if no exemplary damages were asked. The com‑ plaint, however, as has been above outlined, contains an express alle‑ gation that the acts of the conductor and auditor of the train were reckless, willful and malicious, and also alleges that plaintiff "is enti‑ tled to receive and recover exemplary damages in this action in the sum of $1,000." This would seem to be a sufficient averment of ex‑ emplary damages as a matter of recovery, so as to place the case be‑ yond the rule that the prayer is no part of the complaint.

It is said, however, that even if exemplary damages be deemed al‑ leged and prayed for, such allegations are insufficient and subject to demurrer, and that, therefore, this item in the complaint, unauthorized by law, does not make up the jurisdictional amount, but leaves the complaint standing upon the sum of $1,900, originally claimed as ac‑ tual damages. A comparison of the allegations of the complaint with

the general current of authority, and with the statement of the Oklahoma law on the subject of exemplary damages as contained in Atchison Co. v. Chamberlain, 4 Okl. 542, 46 Pac. 499, shows, however, a case for exemplary damages. This latter observation is upon the assumption that it is open for a complainant, claiming exemplary damages in the state court, to state upon the issue of removal that such claim is unauthorized by law. The case upon this point would seem to be within the observation of Judge Lurton in Hayward v. Nordberg Mfg. Co., 85 Fed. 4, 29 C. C. A. 438, where he says:

"The case is not one of colorably enlarging a demand for the purpose of giving jurisdiction to the courts of the United States, for the plaintiff could not have entertained any such purpose."

Plaintiff occupies an anomalous position in asserting exemplary damages in the state court, and yet at the same moment seeking to avoid the effect of such assertion upon the question of removal by the statement that such exemplary damages so sought are not recoverable. The usual course in judicial procedure is for an attack upon one's pleading and claim to come from the opposite party, not from the party himself. Henderson v. Cabell (C. C.) 43 Fed. 257; Johnson v. Computing Scale Co. (C. C.) 139 Fed. 339.

It is also said that, notwithstanding all the foregoing, the complaint, as passed on by the state court, did not, even including exemplary damages, claim as much as $2,000, for the reason that upon September 26, 1912, and thus after the petition for removal had been filed, but apparently before it had been taken up by the court, an amendment was allowed reducing the amount claimed to $1,950. Of course, however, this amendment could not affect the right of removal. This was to be judged by the allegations as they stood upon the filing of the petition and bond. If these latter were sufficient, it was the duty of the court under the express terms of the statute to proceed no further. It could not defeat the statute by an after-allowed amendment.

This brings us to the controlling question affecting the petition for removal, which is whether, even if, as we have held, the record showed a claim for over $2,000, upon the requisite diversity of citizenship, upon a cause of action arising prior to January 1, 1912, such circumstances justified a removal in September, 1912. The plaintiff Chappell contends that the Judicial Code, which went into effect January 1, 1912, increased the amount necessary to an original suit, and thus necessary to removal, to $3,000. The railroad company contends that the Code is without effect as to causes of action arising prior to January 1, 1912. By section 291 of the Judicial Code it is provided that:

"Wherever, in any law not embraced within this act, any reference is made to, or any power or duty is conferred or imposed upon, the Circuit Courts, such reference shall, upon the taking effect of this act, be deemed and held to refer to, and to confer such power and impose such duty upon, the District Courts."

The effect of this last section is to transfer to the District Court all powers possessed by the Circuit Courts, and among such was the power to deal with the present cause of action, which, accruing prior to

January 1, 1912, the date on which the Judicial Code went into effect, could have been brought in the Circuit Court of the United States.

Section 299 of the Judicial Code is as follows:

"The repeal of existing laws, or the amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within, the provisions of this act, pending at the time of the taking effect of this act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made."

The section just quoted provides, it will be noted, that the Code shall not "affect * * * any right accruing or accrued," and further provides that "suits and proceedings for causes arising, or acts done, prior to such date"—i. e., of the taking effect of the act—may be commenced and prosecuted "within the same time, and with the same effect," as if the Code had not been passed. Is removal a right protected by this saving section, and one which, by its terms, is not to be affected by the enactment of the Code? Certainly the right to remove is valuable. While not inhering in the original cause of action, it is yet a highly important privilege connected with the procedure. It is not a vested or constitutional right. It may be taken away by legislative act. Equally by legislative act it may be retained. But was not the language of section 299 designed to that very end? That section says that rights and suits to protect such rights shall be prosecuted "with like effect" as if the Code had not passed. Does not this protect removals as an incident to the prosecution of such suits? It would so seem. A more definite indication of the will of Congress at least is necessary to lead to the view that Congress intended to deprive litigants of the privilege of removal given them as to causes of action existing prior to the taking effect of the Judicial Code.

The expressions in Washington Home for Incurables v. American Security & Trust Co., 224 U. S. 486, 32 Sup. Ct. 554, 56 L. Ed. 854, in dealing with the question of appeals in the District of Columbia, cited for plaintiff, are not so clearly in point as to lead to a conclusion other than that here reached. On the other hand, the uniform opinion of other District Courts, upon what impress me as sufficient premises, has been to the effect that the provision contained in section 299 was sufficiently broad to preserve the privilege of removal as to causes of action arising prior to the taking effect of the Code. In Dallyn v. Brady (D. C.) 197 Fed. 494, it was held by Judge Witmer that section 299 had the effect to permit a party to institute an action in the District Court after January 1, 1912, where the right of action in the Circuit Court arose and was complete prior to that date, and where the amount was between $2,000 and $3,000. Likewise Judge Youmans, in Taylor v. Midland Valley R. R. Co. (D. C.) 197 Fed. 323, held that the phrase "with the same effect," as used in section 299 of the Judicial Code, meant "with the same result or with the same consequences," and that thereunder it was the intention of Congress to leave a cause of action arising prior to January 1, 1912, subject to the same

rules and procedure to which it would have been subject if the law had not been changed, and as a result a motion to remand was denied upon a suit involving $2,900, where the cause of action arose on the 14th of November, 1911, and the suit was brought on the 25th of January, 1912. In the latter case Judge Youmans notes and distinguishes the case of Washington Home for Incurables v. American Security & Trust Co., supra. In Lincoln v. Robinson (D. C.) 194 Fed. 571, Judge Hale, sitting in the District Court for the District of Maine, held that a suit properly removed to the Circuit Court before the Code took effect should not, in view of section 299, be remanded on motion made in the District Court after it took effect because it involved less than $3,000. In United States v. New Departure Mfg. Co. (D. C.) 195 Fed. 778, it was held by Judge Hazel, in the District Court for New York, that section 299 protected inquiries pending before a grand jury on January 1, 1912, and in which an indictment was not found until after that date. The concurrence of all this judicial opinion is to the result that as to a cause of action accruing before January 1, 1912, the right of removal exists notwithstanding the amount involved may not be $3,000. With the reasoning of these cases, so far as they tend to this result, I concur, and the showing, therefore, made to the state court as to the jurisdictional questions, including that of amount, made a removable cause.

[13] It only remains to determine whether the view of the state court as to the form of the removal bond was correct. The old procedure was to the effect that the bond should be for the filing of the record in the federal court by the first day of the following term. The provision of the new Code is that the bond shall be for the entering of a certified copy of the record in the federal court within 30 days from the date of filing of the petition for removal. The bond in this case, pursuing the old statute, provided for a filing by the first day of the following term, and not within 30 days. Was this a compliance with the law? Manifestly it was not a compliance with the terms of the Code, and if these terms control the bond was not in proper form. It is answered by defendant to this suggestion, relying upon the line of authorities last above mentioned, that the provisions of the Code as to the form of the bond had no application to a cause of action such as this arising prior to January 1, 1912. I am of opinion, however, that this carries too far the reservation contained in section 299 in behalf of accrued rights. The form of the bond went to a matter of mere technical procedure. It was a matter of considerable consequence to a litigant whether his right to sue upon a cause of action arising prior to the Code was preserved in the federal courts, and whether the right of removal upon such cause of action was preserved; and it is to be assumed, as above pointed out, that Congress, in using the language of section 299, had this, among other rights, in view for preservation. It cannot be assumed, however, that in preserving rights arising prior to the Code it was the intention of Congress to continue in effect statutes regulating purely the matters of detail connected with either the trial of cases or the accomplishment of a removal.

If it be conceived that Congress intended that the old form of bond should continue simply because a cause of action arose prior to January 1, 1912, then in all other respects in which pre-existing law is modified by the Code is the latter to be held inapplicable to such actions, no matter how remote these may be from the substantive rights of the parties. This would impress me as leading to great confusion, and as being entirely beyond what Congress intended. It would seem a strained construction of the Code to hold that it resulted in two lines of court procedure—one for cases arising prior, and the other for cases subsequent, to January 1, 1912. It is true that in Henry v. Harris (D. C.) 191 Fed. 868, it was held that section 21 of the Code, disqualifying judges for prejudice, a provision originating with the Code, has no application to causes arising prior to January 1, 1912. That also seems to have been the view in Ex parte N. K. Fairbank Company (D. C.) 194 Fed. 978. It is also true that this view of section 21 would lead to a similar view as to section 29, regulating the form of the bond, for each section is remedial. If this be the necessary result of the logic adopted in these cases last mentioned, I find it impossible to follow them. Since the bond as filed in the state court was not proper in form, it did not arrest the jurisdiction of that court, and does not now arrest it. Austin v. Gagan (C. C.) 39 Fed. 626, 5 L. R. A. 476; Clark v. Guy (C. C.) 114 Fed. 783; Alexandria Bank v. Bates Company, 160 Fed. 839, 87 C. C. A. 643.

Reliance is placed by the defendant railroad upon Chase v. Erhardt (D. C.) 198 Fed. 305, as establishing a different rule. In that case, as in a number of others which might be cited—among them Deford Co. v. Mehaffy (C. C.) 13 Fed. 481, and Harris v. Delaware Co. (C. C.) 18 Fed. 833—there was a motion to remand for a defective bond, and against this motion was a counter motion to be allowed to file a good bond to supply the defect. The court held in these cases that the form of the bond was not a jurisdictional matter, but one of procedure, and declined to remand, but upon terms that a proper bond be filed within a stated time. Here, however, the question is not one of amendment, nor whether another bond may be filed; that is not asked here, nor was it asked of the state court. The railroad stood there, as it stands here, upon the bond originally tendered. The present question is whether the state court upon the bond tendered was called upon "to proceed no further." The correct answer in my judgment to this is in the negative.

It follows, therefore, that the suit as brought in the state court continued there, notwithstanding the attempted removal, because of the absence of the statutory bond. It follows that the state court acted within its powers in proceeding to award a default judgment. It results that this court cannot properly arrest by injunction the action of the parties in pursuing their remedies in the state court. The demurrer to the bill must accordingly be sustained, and an order will be entered for its dismissal.

Under this view of the matter case No. 1,074, in which the removal has been attempted, has been improperly docketed. It is unnecessary,

therefore, to pass upon the motions to amend the petition for removal, which motions, as we have above seen, would otherwise be permissible. An order will be entered remanding the cause.